Charles L. Hentz, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Submitted on briefs June 7, 1984, to Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Harold R. Berk,* for appellant.

*Marilyn Z. Kutler,* Acting City Solicitor, with her, *Reba C. Smallwood,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, October 1, 1984:

This is an appeal of Charles L. Hentz (Appellant) from an order of the Court of Common Pleas of Philadelphia County, which dismissed Appellant's appeal from a decision of the Philadelphia Civil Service Commission (Commission) as untimely filed.

On October 19, 1981, Appellant was dismissed from his position with the Philadelphia police force on charges of conduct unbecoming an officer. On July 9, 1982, the Commission issued a decision which modified the discipline imposed and ordered a demotion together with a probation period of one year. Appellant failed to appeal from the Commission's decision within the thirty-day period required under local rule 146 III.[1] On December 17, 1982, Appellant filed an appeal nunc pro tunc with the court of common pleas, stating as grounds for his late filing the misconduct of his former attorney in fraudulently informing Appellant that an appeal had, in fact, been timely filed. The Commission did not dispute the allegations of misconduct, but instead filed a motion to

---

[1] Philadelphia Court Rule 146 III states, in pertinent part:

An appeal shall be filed not later than thirty (30) days after the service of an adjudication by an agency upon a party.

quash the appeal. On May 20, 1983, the trial court dismissed the appeal as untimely filed, and an appeal to this Court was taken.

The sole issue raised on appeal is whether a delay in filing caused by the fraudulent conduct of appellant's attorney justifies the granting of an appeal nunc pro tunc.

Generally, the *negligence* of an appellant's attorney has not been considered sufficient excuse for the failure to file a timely appeal. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Roderick v. State Civil Service Commission,* 76 Pa. Commonwealth Ct. 329, 463 A.2d 1261 (1983). An extension to the required period during which an appeal may be filed is justified only where there is fraud or some breakdown in the court's operation through default of its officers. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Nixon.*

In *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), the Supreme Court extended this rule by holding that the *non-negligent* conduct of an appellant's attorney would also justify an appeal nunc pro tunc. In light of *Bass,* our Court has permitted the filing of untimely appeals in a number of cases where the delay was beyond the control of the appellant or his attorney. *Perry v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983) (sudden hospitalization of counsel); *Walker v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983) (failure of post office to forward notice of referee's decision). The appellant has brought no cases to our attention, however, which extend the holding in *Bass* to include delays caused by the *fraud-*

*ulent* conduct of appellant's attorney. Indeed, such conduct would seem to be excluded from the holding in *Bass* by the same policy considerations which led that court to distinguish non-negligent from negligent conduct. In support of its decision to permit untimely appeals due to non-negligent conduct on the part of an attorney, the *Bass* court reasoned that there would be no purpose served in penalizing an appellant for the conduct of his attorney, which conduct, because of its non-negligent character, was not itself actionable. 485 Pa. at 260, 401 A.2d at 1135.

In contrast, the fraudulent conduct alleged in the present case, like negligent conduct, is actionable, and any injury which resulted to Appellant may be remedied by appropriate legal recourse. As is the case in delays caused by negligent conduct of attorneys, a policy of extending appeal times on the basis of the fraud or misconduct of a party's own attorney would tend to encourage such abuses, and could not, therefore, be logically supported. *Wert v. Department of Transportation*, 79 Pa. Commonwealth Ct. 79, 468 A.2d 542 (1983).

For the foregoing reasons we conclude that the court of common pleas properly dismissed Appellant's appeal as untimely filed, and accordingly, we affirm its decision.[2]

### Order

Now, October 1, 1984, the order of the Philadelphia County Court of Common Pleas in the above referenced matter, No. 2960 December Term, 1982, dated May 20, 1983, is hereby affirmed.

---

[2] Because of our disposition of this issue, we need not reach the argument raised in the commission's brief, that Appellant is precluded from bringing this appeal by the doctrines of res judicata and collateral estoppel.