584 A.2d 1085

**Robert P. ABERNETHY and Margaret Ann Abernethy, Appellants,**

**v.**

**Elwood G. WILLIAMS, Jr., Individually and as Chief of the State College Borough Police Department, and the Borough of State College, Pennsylvania, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1990.

Decided Dec. 20, 1990.

716

F. Cortez Bell, III, Clearfield, for appellants.

Terry J. Williams, with him, Amy B. Burd, Miller, Kistler, Campbell, Miller and Williams, Inc., State College, for appellees.

Before CRAIG, President Judge, SMITH, Judge, and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the appeal of Robert P. Abernethy (Abernethy) from the August 1, 1989 order of the Court of Common Pleas of Centre County which granted a motion for partial summary judgment filed by Elwood G. Williams, Jr. (Williams), individually and as Chief of the State College Borough Police Department (Police Department), and the Borough of State College, Pennsylvania (Borough) (collectively, Appellees).

On September 22, 1987, Williams made statements to a television news reporter which were alleged by Abernethy and his wife Margaret Ann Abernethy to have been defamatory against Abernethy. Those statements were broad-

cast later that day on WTAJ, Channel 10, news.[1] On November 15, 1988, the Abernethy's instituted an action against Appellees alleging one count of defamation on behalf of Robert Abernethy against each of the Appellees; one count of intentional infliction of emotional distress on behalf of Margaret Ann Abernethy against each of the Appellees; and one count alleging loss of consortium on behalf of Margaret Ann Abernethy against the Appellees jointly. Subsequently, Appellees filed a motion for partial summary judgment stating that the Abernethys had violated Section 5522(a) of the Judicial Code, 42 Pa.C.S. § 5522(a), by failing to provide notice to the Borough within six months from the date of the accrual of the cause of action and that the Abernethys had not filed the defamation action within the one-year statute of limitations period.

The trial court's order of August 1, 1989 resulted in the dismissal of all counts involving Robert Abernethy but not as to the counts involving Margaret Ann Abernethy.[2] The Abernethys appealed to this Court and Appellees filed a motion to quash the appeal as interlocutory. This Court granted Appellees' motion to quash as to Margaret Abernethy but denied it as to Robert Abernethy. The issues before this Court are whether the trial court erred in dismissing various counts of the complaint for failure to file the complaint within the one-year statute of limitations required by Section 5523(1) of the Judicial Code, 42 Pa.C.S. § 5523(1); and for failure to provide the six-months notice

1. The statements made by Williams to the news reporter, Ms. Petito, are as follows:
Petito: [L]ast May, Abernethy was fired for not being truthful with investigators questioning him in connection with the sale of stolen ammunition.
Williams: We believe that others involved had stolen the ammunition and made it available to him which he was reselling.
Complaint, Count I, ¶ 14.

2. The only counts which remain are Count III (Margaret Ann Abernethy's allegation of intentional infliction of emotional distress against Williams) and Count V (Margaret Ann Abernethy's allegation of loss of consortium also against Williams).

required by Section 5522(a) of the Judicial Code.[3]

■ Abernethy first argues that the trial court erred in applying the one-year statute of limitations to the defamation action. Section 5523 of the Judicial Code requires that an action for libel, slander or invasion of privacy be commenced within one year from occurrence. Further, the court in *Spain v. Vicente*, 315 Pa.Superior Ct. 135, 461 A.2d 833 (1983), clearly stated that an action based upon an allegedly defamatory statement must be filed within the one-year statute of limitations of Section 5523 of the Judicial Code.

■ In the instant action, the alleged defamation was uttered on September 22, 1987. The lawsuit was commenced on November 15, 1988, beyond the one-year statute of limitations. Abernethy asserts that under the circumstances of this case, he was initially precluded from immediately commencing the action because as a police officer with the Borough, and pursuant to provisions of the contract governing his employment, he was subject to a grievance and arbitration procedure prior to taking any court action. Abernethy further asserts that while his employment was terminated on May 4, 1987, and the alleged defamatory statements were not made until September 22, 1987, those statements were made in relationship to the original termination of his employment and the reasons for that termination. Abernethy therefore contends that as a result of the requirement to pursue arbitration, the applicable statute of limitations was tolled until such time as arbitration was complete.[4]

3. This Court's scope of review on appeal from the trial court's grant of a motion for summary judgment is limited to determining whether there has been an error of law or a clear and manifest abuse of discretion. *Mancia v. Department of Transportation,* 102 Pa.Commonwealth Ct. 279, 517 A.2d 1381 (1986).

4. Section 5535(c) of the Judicial Code provides:

Where it shall have been finally determined by a court that a party is not obligated to submit a claim to arbitration, the time which elapsed between the demand for arbitration and the final determination by a court that there is no obligation to arbitrate is

The contention advanced by Abernethy is unsupportable. There has been no arbitration filed by Abernethy regarding the alleged defamation; no challenge to the mandatory arbitration procedures of the relevant labor contract; and no court order holding that Abernethy was not obligated to submit his claims to arbitration in the other actions thereby tolling the time for filing the defamation suit. Therefore, the conclusion must be reached that, under general rules regarding limitations of actions, since Abernethy's delay in filing suit was not afforded protection by Section 5535(c), the defamation action was time barred and must accordingly be dismissed. *See Royal–Globe Insurance Companies v. Hauck Manufacturing Co.,* 233 Pa.Superior Ct. 248, 335 A.2d 460 (1975). Hence, this Court agrees with the trial court's conclusion that Section 5535(c) is inapplicable to the instant action and that Abernethy's defamation claims are barred by operation of the one-year statute of limitations.

Abernethy also argues that he should be excused from noncompliance with the notice provision of 42 Pa.C.S. § 5522(a) because the municipality was aware that defamatory statements were made and further that Abernethy had a reasonable excuse (he was unaware of the six-month notice requirement) citing, *inter alia, Hoy v. Southeastern Pennsylvania Transportation Authority,* 129 Pa.Commonwealth Ct. 353, 565 A.2d 848 (1989), *appeal granted,* —— Pa. ——, 578 A.2d 931 (1990). In *Hoy,* this Court held that if reasonable excuse exists for failure to comply with the notice requirement, then a court may excuse non-compliance and allow a party to proceed with a cause of action. The reasonable excuse accepted by the Court in *Hoy* was claimant's lack of knowledge of the notice requirement. Appellees assert that since Abernethy was involved in other litigation, he had access to legal counsel regarding the instant matter. However, having determined that Abernethy's claims are barred as having been filed beyond the

not a part of the time within which a civil action or proceeding upon such claim must be commenced.
42 Pa.C.S. § 5535(c).

one-year statute of limitations, this Court need not dispose of this issue.

Having determined that the moving parties are entitled to judgment as a matter of law, the order of the trial court is affirmed.

## ORDER

AND NOW, this 20th day of December, 1990, the order of the Court of Common Pleas of Centre County dated August 1, 1989 granting a motion for partial summary judgment against Robert Abernethy is affirmed.