621 A.2d 1163

**Condemnation of Property of James E. McCoy and Patricia M. McCoy, situate in Conewago Township, York County, Pennsylvania, by the Conewago Township Sewer Authority.**

**Appeal of James E. McCOY and Patricia M. McCoy, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided Feb. 12, 1993.

Walter A. Tilley, III, for appellants.

Maria Musti Cook, for appellee.

Before COLINS and PELLEGRINI, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

James E. and Patricia M. McCoy appeal from an order of the York County Court of Common Pleas (trial court) denying their petition for leave to file preliminary objections *nunc pro tunc* to a declaration of taking filed by the Conewago Township Sewer Authority (CTSA). We affirm the order denying permission to file the preliminary objections *nunc pro tunc*.

The factual and procedural history of this case is summarized as follows. CTSA determined that it was necessary to construct a sewage collection and treatment system within Conewago Township and began negotiations in 1991 with various landowners to acquire the necessary property. One such piece of property is a strip of land, approximately 2/10 of an acre in size, located at the intersection of Smith Road and the Susquehanna Trail; this strip is owned by the McCoys. Negotiations with the McCoys were unsuccessful and CTSA

filed a declaration of taking pursuant to Section 402 of the Eminent Domain Code.[1] As required by Section 405 of the Eminent Domain Code, notice of the declaration of taking was sent to the McCoys on August 22, 1991, and received by the McCoys on or about August 23, 1991. The notice stated that the McCoys must file preliminary objections to the taking within thirty days of receipt of the notice.

The McCoys retained T. Frederick Feldman as counsel and instructed him to contest the taking. Feldman entered into negotiations with CTSA but neither filed nor obtained an extension of time in which to file preliminary objections. In February 1992, Feldman withdrew from his representation of the McCoys citing a conflict of interest because he was a member of the Board of View. The McCoys then retained their current counsel who, upon discovering that no timely preliminary objections had been filed, petitioned the court for leave to do so *nunc pro tunc.* The trial court denied that petition and this appeal followed.

Section 406(a) of the Eminent Domain Code provides as follows:

> Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof.

Preliminary objections are the exclusive method of challenging the propriety of the exercise of the power to condemn property under the Eminent Domain Code. *Redevelopment Authority, City of Erie v. Owners,* 1 Pa.Commonwealth Ct. 378, 274

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 to 1–903.

A.2d 244 (1971).[2] The decision of a trial court whether there is cause shown justifying an untimely filing of preliminary objections is reviewed using the abuse of discretion standard. *Edgewood Building Co., Inc. Appeal,* 43 Pa.Commonwealth Ct. 91, 402 A.2d 276 (1979).

The McCoys present three issues for review. Initially they argue that they presented evidence of sufficient just cause to permit the filing of the untimely preliminary objections. The McCoys also argue that the trial court erred twice: by stepping outside the record to find prejudice to CTSA if the untimely objections are allowed and by holding that the McCoys are required to be aware of the thirty day period in which to file preliminary objections. Finally, the McCoys contend that there was a breakdown in the judicial process justifying the filing of untimely objections.

The McCoys argue that the conduct of the former counsel in failing to file timely preliminary objections or obtain an extension of time in which to file, as well as his failure to disclose a conflict of interest, is sufficient cause shown. We disagree. Inadvertence will not justify the untimely filing of preliminary objections under the Eminent Domain Code. *Id.* Likewise, the alleged misconduct of the McCoys' previous counsel is not sufficient cause shown. In a related context, analyzing whether an allegation of misconduct by an appellant's attorney would justify the filing of an appeal *nunc pro tunc,* we stated "a policy of extending appeal times on the basis of the fraud or misconduct of a party's own attorney would tend to encourage such abuses, and could not, therefore, be logically supported." *Hentz v. Civil Service Commission of Philadelphia,* 85 Pa.Commonwealth Ct. 358, 361, 481 A.2d 998, 1000 (1984). The logic which compels the conclusion that the misconduct of a party's attorney be insufficient grounds to justify the filing of an untimely appeal similarly compels the conclusion that such misconduct is insufficient "cause shown"

---

**2.** Neither party contests the fact that the defenses the McCoys wish to raise are within the purview of Section 406(a) of the Eminent Domain Code.

to justify an extension of time to file preliminary objections under the Eminent Domain Code.[3]

Further, whether the condemnor is partly responsible for the delay is a factor in the decision whether to allow the filing of preliminary objections *nunc pro tunc. Smith v. Department of Transportation,* 25 Pa.Commonwealth Ct. 56, 358 A.2d 734 (1976). There is no allegation that CTSA was in any way responsible for the delay which occurred here. Thus, this factor supports the trial court's decision. The McCoys have failed to meet their heavy burden of showing an abuse of discretion in the trial court's decision that there was not sufficient cause shown to justify an extension of time for the filing of preliminary objections.

The McCoys next argue that the trial court erred by stepping outside the record to find prejudice to CTSA if *nunc pro tunc* preliminary objections are allowed. We need not decide this precise question because it is at best an allegation of harmless error. The statutory language places the burden on the McCoys to demonstrate cause shown, not on CTSA to show prejudice if the untimely filing is allowed. Because we affirm the trial court's decision that there was no cause shown, any consideration of prejudice to CTSA was superfluous and is no reason for reversal here.

The McCoys also contend that the trial court erred when it noted that they were inadvertent in failing to read the notice themselves. They argue that they were entitled to rely upon their previously selected counsel to deal with the condemnation. This is a variation of the previously rejected argument that their attorney's negligence is sufficient cause shown. In a similar context, our Supreme Court has held that the negligence of a party's attorney does not justify granting permission to file an appeal *nunc pro tunc,* a non-negligent

3. The McCoys argue that Pa.R.C.P. No. 126, which provides that the Rules of Civil Procedure shall be liberally construed and that the court may disregard any procedural error that does not affect the substantive rights of the parties, indicates that the untimely filing should be allowed. The Rules of Civil Procedure, however, do not apply to Eminent Domain Code proceedings. *Department of Transportation v. Ambrosia,* 24 Pa.Commonwealth Ct. 8, 354 A.2d 257 (1976).

cause for the failure must be shown. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979). We agree that counsel had a duty to competently represent the McCoys. Nonetheless, the same policy considerations underlying the cases holding that the fraudulent conduct of a party's attorney does not excuse an untimely filing require that negligent conduct be similarly treated. *Hentz*. Thus, this allegation of error is also harmless at best.

The McCoys final argument is twofold. First, they contend that they need not show a breakdown in the judicial process to demonstrate cause shown. Alternatively, they argue that the evidence shows such a breakdown. We agree with the first prong of this argument. Section 406(a) of the Eminent Domain Code specifically provides that a cause shown standard governs untimely filings of preliminary objections rather than the breakdown of the judicial process standard employed to determine the propriety of filing appeals *nunc pro tunc*. The trial court analyzed this petition under both standards. Because we affirm the decision that the McCoys did not demonstrate sufficient cause shown, any discussion of a breakdown in the judicial process was again superfluous and harmless error at best. Further, the trial court's determination that such a breakdown was not shown is supported by the applicable precedents. The negligence or misconduct of counsel is not a breakdown in the judicial process justifying *nunc pro tunc* filings. *Hentz*.

Accordingly, because the McCoys have failed to meet their burden in showing an abuse of discretion in the trial court's decision to deny their petition to file preliminary objections *nunc pro tunc*, its order is affirmed.

## ORDER

AND NOW, this the 12th day of February, 1993, the order of the Court of Common Pleas of York County, at No. 91 SU 04079–01, dated May 27, 1992, is affirmed.