IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas M. Bolick and | : | |
| Eileen B. Bolick, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Northeast Industrial Services | : | |
| Corporation, William R. Williams, | : | |
| Jeff Kurtz, Individually and d/b/a Jeff's | : | |
| Recycling, Mount Carmel Borough and | : | |
| Edward T. Cuff, III, Manager, | : | |
| Northumberland County and The News | : | No. 1221 C.D. 2021 |
| Item and Don E. Bower, Inc. | : | Submitted: August 5, 2022 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: January 25, 2023

Thomas M. Bolick (Mr. Bolick) and Eileen B. Bolick (together, the Bolicks) appeal *pro se* from the October 20, 2021, Order of the Court of Common Pleas of Northumberland County (trial court), which granted the motions for judgment on the pleadings of The News Item (News Item) and Don E. Bower, Inc. (Bower) asserting defenses of the statute of limitations and failure to exhaust statutory remedies. Upon review, we affirm.

## I. Background

This matter returns to us after our previous opinion in *Bolick v. Northeast Industrial Services* (Pa. Cmwlth., No. 443 C.D. 2019, filed Aug. 18, 2021), 2021 WL 3642344 (unreported) (*Bolick I*), which resulted in the dismissal of several defendants on preliminary objections and a remand to the trial court for further proceedings as to News Item and Bower.

In March 2014, the Bolicks commenced a federal action in the United States District Court for the Middle District of Pennsylvania. *See Bolick I*, slip op. at 2-3, 2021 WL 3642344, at *1. The Bolicks alleged that Mount Carmel Borough (Borough) and Northumberland County (County), along with contractors Northeast Industrial Services Corporation and its owner William R. Williams (together, Northeast) and Jeff Kurtz, individually and d/b/a Jeff's Recycling (together, Kurtz), wrongfully appropriated and demolished the Bolicks' residential and personal property in March 2012 as part of a flood control project that took place on Shamokin Creek in the Borough and County. *Id*., slip op. at 2, 2021 WL 3642344, at *1. Further, the Bolicks alleged defamation by News Item in stories printed in March 2014 and March 2015 about Mr. Bolick's past and present lawsuits, which the Bolicks argued included numerous false statements, omissions, and distortions of facts that News Item published knowingly and in bad faith. *Id*., slip op. at 3, 2021 WL 3642344, at *1. The Bolicks did not sue Bower, a contractor on the flood control project, in the federal action.

The federal action concluded when the United States Court of Appeals for the Third Circuit issued a certified judgment in lieu of a formal mandate on December 28, 2016, which affirmed the district court's dismissal of the Bolicks' federal claims for failure to state a claim upon which relief could be granted and

dismissed their state law claims without prejudice to allow them to refile those claims with the trial court. *Bolick I*, slip op. at 3-4, 2021 WL 3642344, at *2. Thereafter, the Bolicks filed a praecipe for writ of summons (Praecipe) in the trial court on January 27, 2017. *Id*., slip op. at 2, 2021 WL 3642344, at *1. On July 14, 2017, they filed their third and final amended complaint (Complaint), which named Bower as a defendant for the first time and claimed that Bower trespassed and negligently failed to ascertain the legality of its presence on the Bolicks' property. *Id.*; *see also* Complaint ¶¶ 16 & 121-28; Original Record (O.R.) #18.

The Bolicks' Praecipe was filed with the trial court within 30 days of December 28, 2016, the time required by 28 U.S.C. § 1367(d) for transfer of a legal matter from federal to state court. The federal transfer statute is implemented in Pennsylvania by Section 5103(b) of the Judicial Code.[1] 42 Pa.C.S. § 5103(b). *Bolick I* discusses the interaction and mechanism of these statutes at length. *See Bolick I*, slip op. at 9-15, 2021 WL 3642344, at *5-7. For purposes of this appeal, we need not revisit that discussion in its entirety. We reiterate, however, that in order to perfect a transfer, which suspends the statute of limitations to protect a state law action initially brought in but dismissed by a federal court, the Bolicks were required both to refile their state law claims with the trial court within 30 days, which they did, and to comply with Section 5103(b) by promptly filing certified copies of the federal pleadings and final judgment with the trial court, which they did not.[2] *Id.*,

---

[1] 42 Pa.C.S. §§ 101-9909.

[2] Section 5103(b) provides:

> (1) .... Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or

slip op. at 15-16, 2021 WL 3642344, at *7-8.  Certified copies of the federal action pleadings and judgment were neither attached to the Complaint nor separately filed with the trial court by the Bolicks at any time.  *Id.*  Therefore, the statute of limitations never tolled on any of the Bolicks' state law causes of action that were part of the Bolicks' federal lawsuit.

In light of that defect in the transfer attempt, we sustained the trial court's grant of preliminary objections and dismissal of the Bolicks' claims against Northeast and Kurtz, who had raised the statute of limitations defense in their preliminary objections.  We also upheld the trial court's dismissal of the Bolicks' claims against the County, the Borough, and Borough Manager Edward T. Cuff, III, based on those parties' preliminary objections asserting immunity from the Bolicks' suit.  *Id.*, slip op. at 17-30, 2021 WL 3642344, at *9-14.

However, two defendants, News Item and Bower, did not file preliminary objections with the trial court.  Instead, both filed answers with new matter asserting, *inter alia*, that the Bolicks' claims against them were barred by the applicable statute of limitations and the Bolicks' failure to exhaust statutory

---

magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth.

42 Pa.C.S. § 5103(b)(1), (2) (emphasis added).

remedies under the Eminent Domain Code.[3]  *Bolick I*, slip op. at 5-7, 2021 WL 3642344, at *2-3.  We therefore reversed the trial court's dismissal of those parties as premature and remanded for further proceedings.  *Id.*, slip op. at 5-7, 2021 WL 3642344, at *2-3.

On remand, News Item and Bower both filed motions for judgment on the pleadings, which the trial court granted in its October 20, 2021, Order.  Trial Ct. Order, 10/21/21 (appended to the Bolicks' brief).[4]  In its subsequent opinion, the trial court stated that it granted the motions for the same reasons it had previously dismissed the other defendants, specifically that the Bolicks' failure to perfect the transfer from federal to state court meant that the statute of limitations on their claims was never tolled and had expired before they filed in state court in January 2017, and that the Bolicks had failed to exhaust their statutory remedies.  Reproduced Record (R.R.) at 70a-71a (referencing previous trial court opinion).  On the Bolicks' appeal to this Court, briefing is complete, and this matter is ripe for disposition.

## II. Discussion

"Our review of a trial court's decision granting a motion for judgment on the pleadings considers whether the trial court committed an error of law or whether unresolved questions of material fact remain outstanding. Our scope of review is plenary."  *Pfister v. City of Phila.*, 963 A.2d 593, 596 n.7 (Pa. Cmwlth. 2009).  "Further, we will sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt

---

[3] 26 Pa.C.S. §§ 101-1106.

[4] The trial court also denied the Bolicks' motion for reconsideration of its December 2018 order, which was the basis of this Court's decision in *Bolick I*, correctly stating that it no longer had jurisdiction to address its previous order.  Trial Ct. Order, 10/21/21, at 1.

that trial would be a fruitless exercise." *N. Sewickley Twp. v. LaValle*, 786 A.2d 325, 327 (Pa. Cmwlth. 2001). In considering a motion for judgment on the pleadings, this Court must accept all of the non-movant's well-pled allegations as true. *Ridge v. State Emps. Ret. Bd.*, 690 A.2d 1312, 1314 n. 5 (Pa. Cmwlth.1997). The Court will grant a motion for judgment on the pleadings only where there are no material facts at issue and the law is clear that no recovery is possible. *Id.*

### A. News Item's Motion for Judgment on the Pleadings

A lawsuit for defamation, including allegations of libel, must be brought within one year of a defamatory communication. 42 Pa.C.S. § 5523(1); *Abernethy v. Williams*, 584 A.2d 1085, 1087 (Pa. Cmwlth. 1990). The clock begins with the original publication of the allegedly defamatory material, which is considered the triggering tortious act. *See Graham v. Today's Spirit*, 468 A.2d 454, 457 (Pa. 1983).

The Bolicks argue that Section 5103(b)'s transfer rules requiring documentation from the federal action do not apply here because the federal court dismissed their action as a "policy decision" or an exercise of discretion rather than a true lack of federal court jurisdiction that would trigger the requirements of Section 5103(b). Bolicks' Br. at 9, 19, 23 & 27-28. They posit that the trial court therefore misapplied Section 5103(b) to their case by dismissing their claims against News Item as time-barred. *Id*. at 12.

In response, News Item relies on *Bolick I*'s determination that the Bolicks' failure to perfect the transfer of their claims to state court resulted in the continued running and ultimate expiration of the one-year statute of limitations for defamation actions. News Item's Br. at 7-12. News Item points out that the articles

6

the Bolicks alleged to be defamatory were published in March 2014 and March 2015, and therefore, the one-year statute of limitations elapsed, without perfection of the transfer from federal court, in March 2015 and March 2016, respectively, well before the Bolicks filed their Praecipe with the trial court in January 2017.  *Id*.

The trial court granted News Item's motion for judgment on the pleadings because it concluded that the Bolicks' failure to perfect the transfer of their cause of action from the federal court to the trial court meant the statute of limitations continued to run and ultimately expired, rendering the Bolicks' defamation claims against News Item time-barred.  Trial Ct. Op. at 2-3 (citing trial court's previous opinion from *Bolick I*).  We agree.

On January 27, 2017, the Bolicks filed the Praecipe in the trial court, and in July 2017 they filed the third and final version of their Complaint.  *Bolick I*, slip op. at 2, 2021 WL 3642344, at *1.  The Praecipe was filed within 30 days of the conclusion of the federal action, but as we concluded in *Bolick I*, the Bolicks failed to perfect the transfer to the trial court by filing the necessary documents from the federal action.  *Id.*, slip op. at 15-16, 2021 WL 3642344, at *7-8.  Therefore, the tolling of the statute of limitations that would have preserved their state law claims (including those against News Item) failed to occur.  *Id.*, slip op. at 15-16, 2021 WL 3642344, at *7-8.

The Bolicks incorrectly assert that the federal court's discretionary dismissal of their state law claims did not trigger the application of the transfer statute.  The Bolicks' federal action included federal law claims over which the federal court would have had original jurisdiction, including allegations sounding in antitrust, civil rights, civil conspiracy or racketeering, and violations of their federal constitutional rights under the First Amendment and the Due Process and Takings

7

Clauses. U.S. amend. I, V & XIV; *See Bolick v. Ne. Indus. Servs. Corp.* (M.D. Pa., No. 4:14-cv-00409, filed Dec. 9, 2015), 2015 WL 12912455, at *1 (unreported). The Bolicks also asserted pendent state law claims, including those sounding in defamation against News Item.[5] *Id.*, 2015 WL 1291455, at *14. A United States Magistrate Judge dismissed the Bolicks' federal claims for failure to state claims upon which relief could be granted, and then declined to exercise pendent jurisdiction over their state law claims, correctly observing that federal courts routinely decline to exercise supplemental jurisdiction over state claims when there are no longer viable or active federal claims to underpin the exercise of that jurisdiction. *Id.*, 2015 WL 1291455, at *14.

Although this form of abstention is discretionary, nothing in either federal or state law supports the Bolicks' proposition that when a federal court declines to exercise jurisdiction over state claims after dismissing federal claims, the transfer requirements of 28 U.S.C. § 1367 and Section 5103(b) do not apply. In fact, the cases cited in *Bolick I* regarding the need for compliance with Section 5103(b) all pertained to instances where a federal court dismissed all federal claims and declined to exercise jurisdiction over state law claims. *See, e.g., Kurz v. Lockhart*, 656 A.2d 160 (Pa. Cmwlth. 1995) (federal court dismissed plaintiffs' federal claims; plaintiffs' failure to comply with Section 5103(b) resulted in failure to toll statute of limitations on their state law claims).

Here, once the federal court rejected the Bolicks' federal law claims, their state law claims were properly dismissed due to a lack of legal support for the exercise of supplemental jurisdiction. The Bolicks were therefore required to comply with Section 5103(b) and perfect transfer of their state law claims to the trial

---

[5] As noted above, Bower was not named as a defendant in the federal action.

8

court in order to ensure tolling of the statute of limitations on those claims. As they failed to do so, the one-year statute of limitations for their defamation claims against News Item commenced in March 2014 and March 2015 with the publication of the allegedly libelous articles and ended, at the latest, in March 2016. *See* 42 Pa.C.S. § 5523(1); *Graham*, 468 A.2d at 457. The Bolicks' January 2017 Praecipe filed with the trial court was therefore untimely as to their claims against News Item, and the trial court did not err in granting News Item's motion for judgment on the pleadings asserting the statute of limitations defense.

### B. Bower's Default Status

If a plaintiff files a praecipe for entry of a default judgment against a defendant for failure to answer the plaintiff's complaint, the defendant may petition to open the default judgment and have its answer filed for consideration by the trial court. *Easton Condo. Ass'n v. Nash*, 127 A.3d 856, 859 (Pa. Cmwlth. 2015). Rule of Civil Procedure 237.3(b)(2) states, in relevant part, that if the petition to open a default judgment "is filed within ten days after the entry of a default judgment on the docket, the court *shall* open the judgment if . . . the proposed answer states a meritorious defense." Pa.R.Civ.P. 237.3(b)(2) (emphasis added). Thus, the petitioner does not need to satisfy the common law requirement to provide a reasonable excuse for the default if the petition to open is filed within 10 days of the judgment and states a meritorious defense. *Easton Condo. Ass'n*, 127 A.3d at 859.

The Bolicks argue that Bower was in default for failing to timely respond to the Complaint and that the trial court never formally granted relief to Bower. The Bolicks, therefore, posit that Bower's answer and new matter asserting its defenses and all subsequent pleadings, including its post-remand motion for

9

judgment on the pleadings reasserting its defenses, should have been disallowed. Bolicks' Br. at 14-16, 25, 31. Bower responds that the trial court granted its Petition to Open Default Judgment in response to the Bolicks' praecipe for entry of default judgment, and therefore all of Bower's pleadings and filings were procedurally valid. Bower's Br. at 3. The trial court did not address this issue in its opinion.

The trial court docket reflects that on January 22, 2018, the Bolicks filed a praecipe for entry of default judgment against Bower for failure to answer the Complaint.[6] R.R. at 2a. On January 31, 2018, within 10 days of that filing, Bower petitioned to open the default judgment and allow its attached answer and new matter (also dated January 31, 2018) to be filed. *Id.*

The record does not contain a formal order from the trial court opening the default judgment. However, Rule 237.3(b)(2) states that as long as the petition to open default judgment is filed within 10 days of the entry of a default judgment and "states a meritorious defense," the trial court "shall" open the judgment. Pa.R.Civ.P. 237.3(b)(2). Based on the Rule's plain language and use of the mandatory "shall," we deduce that so long as the requirements of Rule 237.3(b)(2) were met, the trial court's failure to enter a formal written order granting Bower relief from default judgment was harmless error.

As noted, the docket indicates that Bower filed its petition to open the default judgment within 10 days of the Bolicks' entry of judgment. R.R. at 2a. Thus, the first requirement of Rule 237.3(b)(2) was met here. Bower continued to participate in the litigation through the trial court's October 2021 grant of Bower's

---

[6] The trial court's docket entry for the Bolicks' praecipe for default judgment against Bower also indicates: "RET'D, NOTICE SENT, PAID $17.00, JUDGMENT AGAINST [BOWER]." R.R. at 2a. It appears, therefore, that the Bolicks properly provided Bower with written notice of intention to file the praecipe at least 10 days prior to filing it and certified having done so in the praecipe. *See* Pa. R.Civ.P. 237.1(a)(2)(ii).

motion for judgment on the pleadings. *Id*. at 3a. Accordingly, for purposes of this inquiry, it is also evident that Bower's answer and new matter raised a sufficiently meritorious defense to the Bolicks' Complaint to satisfy the trial court, which, at least tacitly, opened the default judgment and allowed Bower to continue. *See Easton Condo. Ass'n*, 127 A.3d at 859. Thus, the second requirement of Rule 237.3(b)(2) was also met here. The Bolicks' argument that the trial court should not have considered or granted Bower's motion for judgment on the pleadings because Bower was in default is therefore without merit.

### C. Bower's Motion for Judgment on the Pleadings

Our courts "have consistently held that where a statutory remedy is provided, the procedure prescribed therein must be strictly pursued to the exclusion of other methods of redress." *Jackson v. Centennial Sch. Dist.*, 501 A.2d 218, 220 (Pa. 1985) (citing Section 1504 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1504, which states: "In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued[.]"). If a statutory scheme includes a mechanism for dispute resolution that is stated to be exclusive, that avenue must be taken over possible common law remedies. *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 730-33 (Pa. 2012) (analyzing 1 Pa.C.S. § 1504).

Sections 301, 302, and 304 of the Eminent Domain Code state that when a local government seeks to claim privately owned property by eminent domain, it must file a declaration of taking with the court of common pleas in the county where the property is located and a notice of the declaration with the county's recorder of deeds. 26 Pa.C.S. §§ 301(a), 302, 304. Pursuant to Section 305, the

property owner must receive service of written notice of the declaration through personal service, registered mail, or posting of the notice visibly on the property and publication in the appropriate local newspaper or legal journal; proof of service must be filed with the court. 26 Pa.C.S. § 305(a), (b) & (e). Pursuant to Section 306 of the Eminent Domain Code, within 30 days of that service, the property owner may challenge the declaration or actions of the local government by filing preliminary objections, which may include a challenge to any procedures engaged in by the government entity with regard to the declaration of taking. 26 Pa.C.S. § 306(a)(3)(iv). Remedies may include revesting title in the disputed property to the property owner. 26 Pa.C.S. § 306(f)(1).

Preliminary objections pursuant to Section 306 of the Eminent Domain Code are the exclusive method for a property owner to challenge a governmental taking. 26 Pa.C.S. § 306(a)(3); *In re Redevelopment Auth. of City of Phila.*, 891 A.2d 820, 824 (Pa. Cmwlth. 2006), *rev'd in part on other grounds*, 938 A.2d 341 (Pa. 2007). Therefore, pursuant to Section 1504 of the Statutory Construction Act, a landowner's complaint when a declaration of taking has been filed must proceed through the Eminent Domain Code rather than common law methods. "Where a landowner's property has been taken by an exercise of eminent domain, whether it be a *de facto* taking or by filing of a declaration, a landowner's only recourse is to proceed under the [Eminent Doman] Code. An action in trespass is not available in such a situation." *Fulmer v. White Oak Borough*, 606 A.2d 589, 593 (Pa. Cmwlth. 1992). If the defendant's action complained of by the landowner is "performed in the exercise of the eminent domain power, then the landowner must proceed under the [Eminent Domain] Code." *Id.* at 594; *see also Schnarrs v. Rush Twp. Bd. of Supervisors*, 210 A.3d 1161, 1176 n.9 (Pa. Cmwlth. 2019) (citing *Fulmer*).

12

Section 306 of the Eminent Domain Code states that the trial court may excuse untimely preliminary objections to a declaration of taking where the landowner shows good cause for the delay. 26 Pa.C.S. § 306(2). In this regard, the court may consider whether the government is responsible for the delay, for example, due to a defect in service upon the landowner. *See Appeal of McCoy*, 621 A.2d 1163, 1166 (Pa. Cmwlth. 1993). However, a failure or lack of diligence on the part of the landowner will not constitute good cause for the delay. *Id*. at 1165. Likewise, failure to file preliminary objections will result in waiver of the landowner's right to challenge the taking. 26 Pa.C.S. § 306(b). The only remedy thereafter for the landowner is to file a petition requesting the appointment of viewers to determine just compensation pursuant to Section 502 of the Eminent Domain Code. 26 Pa.C.S. § 502.

The Bolicks argue that their claims against Bower sound in trespass and negligence rather than the taking of their property, and that, therefore, they were not required to proceed under eminent domain. Bolicks' Reply Br. at 5-6. The Bolicks further assert that the government defendants failed to properly conduct eminent domain proceedings and that there is no public record proving otherwise; therefore, the Bolicks claim they were excused from seeking relief through eminent domain remedies. Bolicks' Reply Br. at 6. Bower responds that because the Bolicks failed to exercise their available remedies pursuant to the Eminent Domain Code, their claims fail. R.R. at 30a; Bower's Br. at 8-9.

Here, the trial court explained that it was granting Bower's motion for judgment on the pleadings for the same reasons for which it would have dismissed them in the previous round of this litigation if Bower had filed preliminary objections in that matter. R.R. at 70a. In the previous litigation, the trial court stated

13

that the Bolicks' claims alleging an unlawful taking of their property were barred because they had not exhausted their eminent domain statutory remedies. Trial Ct. Order 12/31/18 (*Bolick I*, R.R. at 276a-77a). We resolved the Bolicks' claims against the government defendants on the basis of immunity and their claims against the various contractor defendants on the basis of the Bolicks' failure to perfect the transfer of their federal action to the trial court. *Bolick I*, slip op. at 16-26, 2021 WL 3642344, at *8-13. Therefore, we did not reach the question of statutory remedies under the Eminent Domain Code at that time. *Id.*, 2021 WL 3642344, at *11 n.14 (concluding that "based on our review of the pleadings and record in this matter, we cannot determine with certainty whether the Bolicks failed to exhaust their remedies"). *Id.*, slip op. at 23 n.14, 2021 WL 3642344, at *11 n.14.

As stated above, the Bolicks alleged in the Complaint that Bower, which the Bolicks assert was the general contractor for the flood control project, negligently failed to inform itself whether it had lawful access to enter and work upon the Bolicks' property. Complaint ¶¶ 121-128 (O.R. #18). Therefore, according to the Bolicks, Bower wrongfully trespassed on the Bolicks' property when it built a maintenance road for the project in August 2015. *Id.*

In its answer, Bower admitted that it had constructed a maintenance road on the property in August 2015, but asserted that it was permitted to be on the property for its contracted work duties and denied that it had any independent legal duty to verify the legitimacy of its presence on the property. Bower's Answer & New Matter ¶¶ 121, 124 & 133 & Ex. C (O.R. # 35). Bower therefore asserted in its new matter that the Bolicks failed to state a cause of action upon which relief could be granted. *Id.* ¶¶ 284-97. In its post-remand Motion for Judgment on the Pleadings, Bower reiterated these assertions and added that the Bolicks had failed to exhaust

14

their statutory remedies under the Eminent Domain Code.[7] *See* Bower's Motion for Judgment on the Pleadings (O.R. #65).

The Bolicks did not file preliminary objections to the taking pursuant to the Eminent Domain Code at any time, either before or after demolition began on their property in March 2012. Regarding this point, the Bolicks asserted in the Complaint that although a declaration of taking was filed, they were never served with it. Complaint ¶¶ 24-25. However, once demolition commenced on the property in March 2012, the Bolicks certainly had actual notice of the taking, which triggered their obligation to act by filing preliminary objections. *See Szabo v. Dep't of Transp.*, 202 A.3d 52, 62 (Pa. 2019) (stating that entry onto land by governmental entity or its agents constitutes actual notice of taking); *O.S.C. Co. v. Lackawanna River Basin Sewer Auth.*, 551 A.2d 376, 379 (Pa. Cmwlth. 1988) (holding that actual notice of taking triggers obligation to file preliminary objections).

The Bolicks therefore waived their right to challenge the legitimacy of the taking pursuant to Section 306 of the Eminent Domain Code. As such, and pursuant to Section 302 of the Code, title to the property passed to the Borough upon its filing of the declaration of taking. *See* 26 Pa.C.S. § 302(a) (stating that "[t]he title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of the filing"). Subsequently, pursuant to Section 307(a)(1)(i) of the Eminent Domain Code, possession of the property, including the right of entry upon it, passed to the Borough upon expiration of the time for filing

---

[7] The defense of failure to exhaust statutory remedies is not waived if the defendant fails to raise it in an answer and new matter. Pa.R.Civ.P. 1032(a).

preliminary objections; at the latest, this would have occurred 30 days after the demolition began in March 2012. *See* 26 Pa.C.S. § 307(a)(1)(i).[8]

Moreover, the actions undertaken by Bower on behalf of the Borough, including construction of a maintenance road on the property in August 2015, were part of the overall flood control project and therefore were clearly "performed in the exercise of the eminent domain power." *Fulmer*, 606 A.2d at 593-94. Because the Bolicks did not avail themselves of the Eminent Domain Code's exclusive statutory remedy by filing preliminary objections to the taking after the demolition made the Borough's actions apparent in March 2012, the Borough acquired title, possession, and right of entry onto the property. This occurred well before Bower, retained by the Borough, began working on the flood control project and constructed the maintenance road in August 2015. As such, and pursuant to Section 1504 of the Statutory Construction Act, *Jackson*, and *White*, the Bolicks' failure to exhaust their statutory remedies meant that their allegations of trespass and negligence were foreclosed. Accordingly, the Bolicks failed to state a claim upon which relief may

---

[8] Section 307(a)(1)(i) also dictates that possession and right of entry pass to the government entity "upon payment of or a written offer to pay to the condemnee the amount of just compensation as estimated by the condemnor." *Id*. However, the question of compensation for the taking has never been part of this litigation as framed by the Bolicks, who despite having waived their ability to challenge the taking by filing preliminary objections in 2012, have never conceded the legality of the taking. Pursuant to Section 5527 of the Judicial Code, had the Bolicks sought to enforce their right to compensation, they would have had to file a petition for appointment of viewers within six years of the filing of the declaration of taking, accounting for any delay caused by the Borough's alleged failure to serve the Bolicks with the declaration. *See* 42 Pa.C.S. § 5527(a).

be granted. The trial court therefore did not err in granting Bower's motion for judgment on the pleadings.[9]

### III. Conclusion

The trial court did not err in granting the motion for judgment on the pleadings filed by News Item, effectively dismissing it from this litigation, and we affirm the trial court in that regard. The trial court also did not err in tacitly granting Bower's petition to open default judgment. Finally, the trial court did not err in granting the motion for judgment on the pleadings filed by Bower, effectively dismissing it from this litigation. We therefore affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Because of our disposition of this matter on Bower's demurrer, we do not reach its statute of limitations argument.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Bolick and                          :
Eileen B. Bolick,                             :
                    Appellants         :
                                      :
               v.                             :
                                      :
Northeast Industrial Services              :
Corporation, William R. Williams,          :
Jeff Kurtz, Individually and d/b/a Jeff's  :
Recycling, Mount Carmel Borough and        :
Edward T. Cuff, III, Manager,              :
Northumberland County and The News         :    No. 1221 C.D. 2021
Item and Don E. Bower, Inc.                :

O R D E R

AND NOW, this 25th day of January, 2023, the October 20, 2021, Order of the Court of Common Pleas of Northumberland County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge