IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Breanna Litka, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1530 C.D. 2024 |
| | : | |
| A-Team Home Care, Inc. (Workers' | : | Submitted: April 13, 2026 |
| Compensation Appeal Board), | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE STELLA M. TSAI, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                        FILED: May 22, 2026


Breanna Litka (Claimant), *pro se*, petitions for review of the September 12, 2024 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant's Claim and Penalty Petitions. For the reasons that follow, we quash Claimant's petition for review as untimely.

Claimant worked for A-Team Home Care, Inc. (Employer) as a home care aid. On August 1, 2022, Claimant filed a Claim Petition, alleging that she sustained a "lumbar disc injury" on May 21, 2022, while moving a patient from a wheelchair to the shower. The Claim Petition alleged that Claimant returned to work for a concurrent position with Sharing Love Home Care. Employer filed an answer denying all

allegations of the Claim Petition. Claimant has also filed a Penalty Petition averring the failure to timely accept or deny the claim.

In support of the Petitions, Claimant testified live and by deposition. She presented the deposition testimony of her treating physician, Dr. Soon Jung. Dr. Jung diagnosed Claimant with lumbar discogenic pain, lumbar radiculopathy, and lumbar spondylosis, which he attributed to the May 21, 2022 incident. Employer presented the deposition testimony of two Employer witnesses, Irina Rabovetsky and Cindy McMillian, as well as the deposition testimony of Dr. Gene Salkind. Ms. Rabovetsky and Ms. McMillian testified concerning Claimant's report of her injury. Dr. Salkind opined that Claimant suffered a lumbar sprain/strain on May 21, 2022, and that she had fully recovered.

On January 30, 2024, the WCJ denied and dismissed the Claim and Penalty Petitions. He rejected the testimony of Claimant and Claimant's expert, Dr. Jung, in their entirety. He credited the testimony of Ms. Rabovetsky, Ms. McMillian and Dr. Salkind.

Claimant appealed the WCJ's Decision to the Board asserting that the WCJ ignored crucial evidence which resulted in errors in his credibility determinations. On September 12, 2024, the Board affirmed the WCJ's Decision and denied and dismissed Claimant's appeal. In so holding, the Board noted that the WCJ's decision was premised on determinations which were within his role as the fact finder. It was also noted that the burden was on Claimant in the Claim Petition to produce adequate medical evidence but the opinions of Claimant's expert, Dr. Jung, even if credited, were lacking in foundation as they were premised on the allegations made by Claimant in her testimony which were rejected as not credible by the WCJ.

2

On October 17, 2024, Claimant filed a *pro se* letter evidencing her intention to appeal the Board's Decision. Employer raised the issue of the timeliness of Claimant's appeal in its merits brief filed on April 17, 2025. On January 9, 2026, this Court issued an order noting that Claimant's petition for review may be untimely and directing the parties to address the timeliness of the petition in supplemental briefs. On January 21, 2026, Claimant filed a Supplemental Brief addressing the timeliness of her appeal.

Pennsylvania Rule of Appellate Procedure 1512(a)(1), Pa.R.A.P. 1512(a)(1), provides that the time period for filing a petition for review of a quasi-judicial order, including an order of the Board, is 30 days. Pa.R.A.P. 1512(a)(1); *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 891 A.2d 1267, 1269 n.2 (Pa. 2006).

Here, the Board's order was entered on September 12, 2024. Thirty days from that date was Saturday, October 12, 2024, so Claimant had until Monday, October 14, 2024, to file her appeal. 1 Pa.C.S. § 1908. Petitioner's initial communication evidencing her intention to appeal was filed on October 17, 2024, which was more than 30 days after the Board entered its decision on September 12, 2024. Therefore, Claimant's appeal was facially untimely.

Failure to timely appeal an administrative agency's action is a jurisdictional defect; therefore, the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *H.D. v. Department of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). *See also* Pa.R.A.P. 105(b) ("An appellate court . . . may not enlarge the time for filing . . . a petition for review."). However, an appeal *nunc pro tunc* may be permitted if the delay in filing an appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative

3

process, or "non-negligent circumstances related to the appellant, his or her counsel or a third party." *H.D.*, 751 A.2d at 1219. Further, where a request for *nunc pro tunc* relief alleges that non-negligent circumstances caused the untimeliness of an appeal, the appeal must be filed within a short period of time after learning of the untimeliness. *Angels of Care by TLM, LLC v. Department of Human Services*, 323 A.3d 250, 258 (Pa. Cmwlth. 2024). The burden to justify an untimely appeal is a heavy one. *Suber v. Unemployment Compensation Board of Review*, 126 A.3d 410, 412 (Pa. Cmwlth. 2015).

Here, there is no allegation of fraud, a breakdown of the administrative process or non-negligent circumstances. Rather, Claimant alleges that her prior attorney, who received the Board's decision, failed to notify her of her right to appeal. She states that "[a]t no point did prior counsel inform [her] that an appeal needed to be filed, that a deadline was approaching, or that no appeal had been filed on her behalf." (Claimant's Supplemental Br. at 2.) Claimant characterizes her former attorney's failure to communicate with her or to file an appeal on her behalf as an "extraordinary circumstance" warranting an appeal *nunc pro tunc*.

This Court has explained that the negligence or misconduct of counsel is not a breakdown in the judicial process justifying *nunc pro tunc* filings. *Hentz v. Civil Service Commission of Philadelphia*, 481 A.2d 998, 1000 (Pa. Cmwlth. 1984); *Appeal of McCoy*, 621 A.2d 1163, 1166 (Pa. Cmwlth. 1993). Mere neglect or administrative oversight of counsel cannot justify allowance of appeal *nunc pro tunc*. *Bethke v. City of Philadelphia*, 282 A.3d 884 (Pa. Cmwlth. 2022).

Unfortunately, counsel's failure to inform Claimant of her right to appeal the Board's decision does not warrant *nunc pro tunc* relief. We denied *nunc pro tunc* relief in a case with similar circumstances. In *B.W. v. Department of Human Services*

4

(Pa. Cmwlth., No. 220 C.D. 2015, filed November 23, 2015),[1] B.W. filed an untimely appeal from the order of the Department of Human Services, Bureau of Hearings and Appeals (Department) that dismissed his appeal of an indicated report that named him as a perpetrator of child abuse. In support of his argument that he should be permitted to appeal *nunc pro tunc*, B.W. explained that his prior attorney, who received the Department's adjudication, did not notify B.W. or file an appeal, despite the fact that B.W. had previously indicated to his attorney that he wished to appeal should it become necessary. Like Claimant here, B.W. characterized his former attorney's failure to communicate with him or to file an appeal on his behalf as an "extraordinary circumstance" warranting an appeal *nunc pro tunc*. He argued that he should not lose his right to appeal simply because he retained counsel rather than representing himself during the proceedings before the Department, in which case B.W. would have received a copy of the Department's order.

In rejecting B.W.'s argument, we concluded that B.W. was not entitled to appeal the Department's order *nunc pro tunc*. We explained

> It is not sufficient to show that the failure to file a timely appeal is not the appellant's personal fault. The failure to file a timely appeal must be due to non-negligent conduct by the appellant's counsel. B.W. has described conduct that was negligence on the part of his former counsel. That situation, although unfortunate, does not justify allowing an appeal *nunc pro tunc*. *J.C.* [*v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998)].

*B.W.*, slip op. at 2.

---

[1] Section 414(a) of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

Here, as in *B.W.*, counsel's alleged failure to inform Claimant of her right to appeal the Board's decision does not qualify as a breakdown in the court's operations, but rather is an instance of counsel's negligence, which does not warrant *nunc pro tunc* relief. *See Department of Labor and Industry, Uninsured Employer's Guaranty Fund v. Workers' Compensation Appeal Board (Gerretz, Reliable Wagon & Auto Body, Inc.)*, 142 A.3d 148, 155 (Pa. Cmwlth. 2016) (noting that "[s]imple negligence on the part of an attorney does not constitute a breakdown in the administrative or judicial process"); *SPS Techs. v. Workers' Compensation Appeal Board (Marko)*, 907 A.2d 49, 51 (Pa. Cmwlth. 2006) (noting that "any negligence on the part of the attorney does not entitle a party to an appeal *nunc pro tunc*").[2]

In accordance with the above, we are constrained to quash Claimant's petition for review as untimely.

 

 

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] In *Hentz v. Civil Service Commission*, 481 A.2d 998 (Pa. Cmwlth. 1984), we explained that the policy of extending appeal times on the basis of non-negligence of a party's counsel, but not for fraudulent or negligent conduct, is because fraudulent or negligent conduct is actionable, and any injury resulting to the client may be remedied by appropriate legal action.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Breanna Litka,                          :
              Petitioner                :
                              :
              v.                      :    No. 1530 C.D. 2024
                              :
A-Team Home Care, Inc. (Workers'        :
Compensation Appeal Board),             :
              Respondent                :

## ***ORDER***

      AND NOW, this 22nd day of  May, 2026, the Petition for Review filed by Breanna Litka is hereby QUASHED as untimely.

 

 

                                _____

                                PATRICIA A. McCULLOUGH, Judge