# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Easton Condominium Association, : 
Inc. : 
: 
v. : No. 2015 C.D. 2014
: Submitted: August 28, 2015
Kristina A. Nash, : 
Appellant : 


BEFORE: HONORABLE DAN PELLEGRINI, President Judge
HONORABLE MARY HANNAH LEAVITT, Judge
HONORABLE ANNE E. COVEY, Judge


OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: September 18, 2015


Kristina A. Nash appeals the order of the Northampton County Court of Common Pleas (trial court) denying her petition to open the default judgment entered in favor of Easton Condominium Association, Inc. (Association) and against Nash in the amount of $16,490.44 for unpaid assessments, late charges, fees, costs and interest. We vacate and remand.

In January 2014, the Association filed a complaint in the trial court alleging that Nash is the record owner of a residential condominium unit in the Eastonian Condominium in Easton, Northampton County. The Association alleged that it was authorized to recover the unpaid assessments, late charges, fees, costs and interest pursuant to the Declaration of Condominium and the Uniform Condominium Act, 68 Pa. C.S. §§3101-3414. The Association also alleged that because Nash had filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the

Eastern District of Pennsylvania on May 9, 2013, and that that court entered a Discharge Order in Nash's favor on November 13, 2013, it was only seeking the recovery of unpaid assessments, late charges, fees, costs and interest for the period of May 10, 2013, through June 30, 2014, and thereafter under Section 523(a)(16) of the United States Bankruptcy Code.[1]

After Nash failed to respond to the complaint, on March 31, 2014, default judgment was entered against her in the amount of $16,490.44 pursuant to Pa. R.C.P. No. 1037(b).[2] As a result, on April 10, 2014, Nash filed the instant petition to open the default judgment pursuant to Pa. R.C.P. No. 237.3(b) which states that "[i]f the petition is filed within ten days after the entry of the judgment on the docket, the

---

[1] Section 523(a)(16) of the Bankruptcy Code states, in relevant part:

> (a) A discharge under … this title does not discharge an individual debtor from any debt—
>
> *   *   *
>
> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership … for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, … but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

11 U.S.C. §523(a)(16).

[2] Pa. R.C.P. No. 1037(b) states, in pertinent part, that "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend…."

court shall open the judgment if the proposed complaint or answer states a meritorious … defense." In Paragraph 5 of the petition, Nash alleged that because she listed the Association as a creditor when she filed for Chapter 7 bankruptcy protection on May 9, 2013, and because she received a Chapter 7 discharge on November 13, 2013, the Association "has not correctly taken into account the legal significance of the discharge" and, in the alternative, that "the amount of the judgment is incorrect and bears no relationship to [her] actual liability, if any." (Reproduced Record (RR) at 23a, 24a).

At argument on the petition, Nash asserted that because her petition was filed within 10 days of the entry of default judgment, Pa. R.C.P. No. 237.3(b) provides that the first two of the three prongs necessary to open judgment, *i.e.*, that the petition is timely filed and that she had excusable neglect in failing to respond, have been satisfied, and that she has met the third required prong, *i.e.*, that she has alleged a meritorious defense to the Association's complaint. (RR at 36a-37a). She argued that because the Association was listed as a creditor in her bankruptcy petition and because a discharge was granted, "there is a legal issue as to what extent, if at all, that this charge may impact on the amount that the [Association] is seeking. Miss Nash has already vacated the condominium and wasn't present during these periods that they're seeking assessment for." (*Id.* at 35a-36a). Nash also argued that there are factual defenses to the amount owed because "[i]t's a fairly complicated complaint alluding to various kinds of liens and assessments that they allege that they can charge." (*Id.* at 36a).

3

The Association argued that Nash was still required to "provide a reasonable excuse as to why [she] hasn't filed an answer" for the default judgment to be opened. (RR at 40a). The Association also argued that Nash failed to allege a valid defense because Section 523(a)(16) of the Bankruptcy Code "says that even if after you filed your form for leave of bankruptcy court, the dues of the [Association] are still owed. You still owe them; you still have to pay them." (*Id.* at 37a-38a). As to the amount owed, the Association alleged that based on Section 523(a)(16), it "prorated all the fees from the time she filed" so that "[t]he fees that we're seeking in our complaint started on May 10th, 2013 up to the time of complaint…." (*Id.* at 39a).

In May 2014, the trial court issued an order denying Nash's petition to open the default judgment. In its opinion, the trial court explained:

> [T]o obtain relief from default judgment a defendant must file a petition to strike off the judgment or to open it and must allege facts showing that: (1) the petition is timely filed; (2) a meritorious defense can be shown; *and* (3) the failure to appear can be excused. Pa. R.C.P. [No.] 237.3(b); *Schultz v. Erie Ins. Exchange*, [477 A.2d 471 (Pa. 1984)] (emphasis added). This Court notes that the first prong of the test has been met as [Nash] filed the [Petition] on April 10, 2014 – ten (10) days after default judgment was entered against her. The second prong of the test has also been met as [Nash] has pled a meritorious defense in Paragraph 5 of the Petition. However, [Nash] has failed to plead an adequate explanation for the cause of delay in answering the Complaint. [Nash] does not even give a cursory explanation as to why an answer to the Complaint was not filed. As no legitimate excuse or reasonable explanation has been given, this Court is constrained to deny [Nash]'s Petition.

4

(RR at 45a).

In this appeal,[3, 4] Nash argues that the trial court erred in denying her petition to open the default judgment as she was not required to assert any reasonable excuse for the inactivity or delay under Pa. R.C.P. No. 237.3(b) because her petition was filed within 10 days of the entry of judgment and the trial court found that she alleged a meritorious defense.[5]  We agree.

---

[3] Nash initially filed this appeal to the Superior Court, but that court transferred the appeal to this Court by order dated September 23, 2014.  By order dated August 21, 2015, this Court precluded the Association from filing an appellate brief based on its failure to comply with our prior order directing it to do so.

[4] A petition to open a default judgment is addressed to the trial court's equitable powers, and the decision to grant or deny such petition is within that court's discretion.  *Seeger v. First Union National Bank*, 836 A.2d 163, 165 (Pa. Super. 2003).  This Court will only overturn an order denying a petition to open a default judgment if the record shows a manifest abuse of discretion or an error of law.  *Id.*

[5] "The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief.  The defense does not have to prove every element of its defense[;] however, it must set forth the defense in precise, specific and clear terms."  *Seeger*, 836 A.2d at 166 (citation omitted).  As noted above, in Paragraph 5 of her petition, Nash alleged that because she listed the Association as a creditor when she filed her petition on May 9, 2013, and because she received a discharge on November 13, 2013, the Association "has not correctly taken into account the legal significance of the discharge" and, in the alternative, that "the amount of the judgment is incorrect and bears no relationship to [her] actual liability, if any."  (RR at 23a, 24a).  In addition, while Nash merely asserted at argument in the trial court that she had vacated the condominium, she stated that the unit was sold at sheriff's sale in February 2014 in the verified answer that she appended to her petition to open judgment.

In this regard, the United States Bankruptcy Court has explained:

> Section 523(a)(16) was amended in 2005 to significantly broaden the exception to discharge with respect to condominium fees. Prior to the amendment, post-petition fees were dischargeable as long as the debtor did not occupy or rent the property.  The legislative

**(Footnote continued on next page…)**

As noted above, Pa. R.C.P. No. 237.3(b) states, in relevant part, that "[i]f the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious … defense." In addition, as the Superior Court has explained:

> Recently, in *Attix v. Lehman*, 925 A.2d 864 (Pa. Super. 2007), we interpreted Rule 237.3(b) based on these principles of rule construction. We concluded that a petitioner does not need to satisfy the common law requirement that he provide a reasonable excuse for the failure that led to the judgment by default, if his petition to open is filed within 10 days of the judgment and states a meritorious defense. *Id.* at 866. In doing so, we recognized that Rule 237.3(b) presupposes that a petition filed within

---

**(continued…)**

> history of the 2005 amendment indicates Congress' intention to render post-petition condominium fees non-dischargeable "[i]rrespective of whether or not the debtor physically occupies such property … during the period the debtor or the trustee has legal, equitable, or possessory ownership interest." H.R.Rep. No. 109-31, at 88 (2005), U.S. Code Cong. & Admin. News 2005 at pp. 88, 154. The amendment was enacted to prevent the discharge of post-petition condominium fees and assessments that arise while a debtor who, as in this case, continues to own the unit after vacating it.

*In re Ames*, 447 B.R. 680, 683 n. 4 (Bankr. D. Mass. 2011). *See also Hijjawi v. Five North Wabash Condominium Association*, 495 B.R. 839, 848-49 (Bankr. N.D. Ill. 2013) ("In 2005, section 523(a)(16) was amended to its current version, which further limits the dischargeability of post-petition condominium assessments. Pursuant to the current version, post-petition condominium assessments are not only excepted from discharge when the debtor physically occupies or receives rental income from the unit, they are non-dischargeable 'as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest' in the property. It is clear that with this amendment, Congress sought to 'broaden the protections accorded to community associations with respect to fees or assessments arising from the debtor's interest in a condominium, cooperative, or homeowners' association,' even at the expense of the debtor's 'fresh start.'….") (citations omitted).

> ten days of the default judgment is promptly filed and sets forth a reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment. *Id.* Thus, we held that under Rule 237.3(b), a trial court must open a default judgment, if the petitioner files a petition to open within ten days of its entry and states a meritorious defense. *Id.* at 867.

*Boatin v. Miller*, 955 A.2d 424, 427 (Pa. Super. 2008).[6] Because the trial court found that Nash had filed the petition within 10 days of the entry of default judgment and had alleged a meritorious defense, it erred in denying the petition under Pa. R.C.P. No. 237.3(b) on the basis that she failed to assert any reasonable excuse for the inactivity or delay resulting in the entry of the judgment because she is explicitly not required to do so under that Rule.

Accordingly, the trial court's order is vacated and the case is remanded to the trial court to open the default judgment and to permit Nash to file an answer to the Association's complaint.

_____
DAN PELLEGRINI, President Judge

---

[6] *See also* Explanatory Comment to Pa. R.C.P. No. 237.3 ("[T]he rule supplied two of the three requisites for opening judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment…."); *Stauffer v. Hevener*, 881 A.2d 868, 871 (Pa. Super. 2005) ("The default judgment was entered against Appellants on January 27, 2004, and Appellants filed their petition to strike and/or open the default judgment on February 5, 2004. Appellants filed their petition nine days after the judgment was entered against them, thus complying with the ten-day requirement of Rule 237.3(b). Because Rule 237.3(b) states that a court 'shall' open a default judgment in such circumstances, the trial court was required to open the judgment entered against Appellants if they stated a meritorious defense.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Easton Condominium Association,   :
Inc.   :
  :
  :
      v.   : No. 2015 C.D. 2014
  :
Kristina A. Nash,   :
          Appellant   :

# **O R D E R**

AND NOW, this 18th day of September, 2015, the order of the Northampton County Court of Common Pleas dated May 28, 2014, at No. 2014-763, is vacated and the case is remanded to that court to open the default judgment entered in favor of Easton Condominium Association, Inc. (Association) and against Kristina A. Nash (Nash) in the amount of $16,490.44 and to permit Nash to file an answer to the Association's complaint.

Jurisdiction is relinquished.

_____
DAN PELLEGRINI, President Judge