IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northridge Estates                 :
Condominium Association      :
                                  :
         v.                  :
                                  :
Michael Walker,               :    No. 62 C.D. 2020
            Appellant        :    Argued: November 12, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: December 7, 2020


       Michael Walker (Walker) appeals the order of the Court of Common Pleas of Montgomery County (trial court) denying his motion for relief from judgment by default which had been entered in favor of Northridge Estates Condominium Association (Association) and against Walker in the amount of $3,975.87 for unpaid assessments, late charges, fees, costs, and interest. Upon review, we reverse.

       Walker is the record owner of 430 Wendover Drive, Norristown, Pennsylvania, a condominium unit located within and part of the Association. Original Record (O.R.) at 16 & 88. The Association is governed by a Declaration of Condominium, the Association's bylaws, and the Uniform Condominium Act

(Act), 68 Pa.C.S. §§ 3101-3414 (collectively, the governing documents). O.R. at 16. Pursuant to the governing documents, the Association determines and enforces the assessments to be paid by each unit owner, including Walker. *Id.* at 17.

On September 24, 2018, the Association filed a complaint in the trial court alleging that Walker had failed to pay all assessments and other charges due under the governing documents. O.R. at 11-25. The Association asserted that pursuant to Section 3315(a) of the Act, 68 Pa.C.S. § 3315(a), it was entitled to recover all reasonable costs and expenses, including legal fees, incurred in connection with the collection of sums due from Walker as a property owner in the Association. *Id.* at 18. Moreover, Section 3315(a) of the Act provides the Association the right to accelerate the outstanding balance of all assessments due and owing for the current fiscal year, which for the Association ended December 31, 2018. *Id.* at 18. The Association attached to the complaint an account history documenting the assessments and payments made with respect to Walker's condominium unit from January 16, 2013, through September 19, 2018. *Id.* at 22-25. Given the above, the Association sought damages in the complaint totaling $3,975.87.[1] *Id.* at 18-19.

Walker was served with the complaint on October 11, 2018, and failed to file a timely response. *See* O.R. at 1; Trial Court Opinion, 8/14/19 at 1. Therefore, pursuant to Pennsylvania Rule of Civil Procedure No. 237.1 (Rule 237.1), the Association sent a 10-day notice of intention to enter default judgment to Walker's counsel by both certified mail and email on November 1, 2018. *See* Pa.R.C.P. No. 237.1; O.R. at 66, 74 & 120. Walker's counsel did not answer the complaint within

---

[1] This figure represents a delinquent balance, as of the date the complaint was filed, of $2,035.37, as well as legal fees totaling $1,206.50, accelerated monthly assessments for 2018 in the amount of $630.00, and an accelerated 2018 quarterly sewer assessment in the amount of $104.00. O.R. at 18.

the additional 10 days, but instead filed preliminary objections for insufficient specificity on November 16, 2018. O.R. at 1 & 33-50. The Association filed a timely response. *Id.* at 1 & 51-59. On January 2, 2019, the trial court issued an order overruling Walker's preliminary objections and directing that he file an answer to the complaint within 20 days. *Id.* at 60. When Walker again failed to answer the complaint within the required timeframe, the Association filed a praecipe to enter judgment by default on January 24, 2019, and judgment was entered in favor of the Association and against Walker in the amount of $3,975.87 that same day. *Id.* at 1 & 61-79; Trial Court Opinion, 8/14/19 at 2.

On January 31, 2019, seven days after entry of the default judgment, Walker filed a motion for relief from judgment by default (Motion).[2] O.R. at 1, 80-82. Walker attached to his Motion a proposed answer to the complaint with new matter, counterclaim, and joinder complaint in which he asserted several affirmative defenses, including[3] that the Association's claim was barred because Walker "has already satisfied all alleged outstanding amount [sic] owed to [the Association]." *Id.* at 90. Walker admitted that the account history attached to the complaint reflected an outstanding balance, but claimed this accounting was incorrect. *Id.* at 89.

---

[2] In his Motion, Walker claimed that the Association filed its praecipe for default judgment without providing 10 days written notice of its intention to do so, in violation of Pa.R.C.P. No. 237.1(2)(ii). O.R. at 81-82. Walker asserted that the 10-day notice sent by the Association in November 2018 did not satisfy the requirement under the Rule 237.1 because it was sent prior to the trial court's January 2, 2019 order giving him an additional 20 days to respond to the complaint. *Id.* However, Walker has since abandoned this argument on appeal as he failed to raise it in either his statement of errors complained of on appeal or his brief. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in statement of errors are waived); *Scrip v. Seneca*, 191 A.3d 917, 924 (Pa. Cmwlth. 2018) (holding issues not raised in statement of errors or developed in argument section of party's brief were not properly before the Court on appeal).

[3] Walker also made blanket assertions of the following affirmative defenses: statute of frauds, laches, failure to mitigate damages, waiver, the doctrine of release, estoppel, and failure to suffer any loss. O.R. at 90-91.

Walker's proposed answer also purported to join Marcus Hoffman P.C., the law firm the Association hired for the purpose of collecting outstanding assessments from its members, as a party to the action, asserting claims against the firm for violations of the Fair Debt Collection Protection Act (FDCPA), 15 U.S.C. § 1692.

Following briefing and oral argument, the trial court issued an order on April 11, 2019, denying and dismissing Walker's Motion, with prejudice. O.R. at 162. In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a), the trial court explained that Walker failed to satisfy two requirements necessary to open a default judgment—a meritorious defense and an explanation setting forth a reasonable excuse for the delay that brought about the entry of default judgment. Trial Court Opinion, 8/14/19 at 3. The trial court noted that while Walker challenged the Association's manner of calculating the amounts due and owing, he also stated that he could not keep up with the assessments that were due at different periods of time. *Id.*

Walker filed a motion for reconsideration of the trial court's order on April 22, 2019, O.R. at 163-68, and he filed a notice of appeal to this Court on May 9, 2019. O.R. at 177. The trial court subsequently denied Walker's request for reconsideration by order dated May 28, 2019. *Id.* at 195.

On appeal, Walker argues that the trial court erred in denying his Motion, as he was not required to assert a reasonable excuse for the delay because he filed his Motion within 10 days of the entry of default judgment. Rather, the only requirement for opening the judgment was that Walker state a meritorious defense. Walker further claims that he met this requirement because his proposed answer averred that he satisfied the alleged outstanding balance owed to the Association. We agree with Walker on both issues.

4

First, we note that a petition to open a default judgment is addressed to the trial court's equitable powers and is a matter of judicial discretion. *Easton Condo. Ass'n Inc. v. Nash*, 127 A.3d 856, 858 n.4 (Pa. Cmwlth. 2015). "This Court will only overturn an order denying a petition to open a default judgment if the record shows a manifest abuse of discretion or an error of law." *Id.* (citing *Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 165 (Pa. Super. 2003)).[4] An abuse of discretion is not merely an error in judgment; rather, it occurs "where in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Tullytown Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015) (citation omitted).

In general, a court will exercise its discretion to open a default judgment only "when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; *and* (3) the failure to appear can be excused." *Schultz v. Erie Ins. Exch.*, 477 A.2d 471, 472 (Pa. 1984) (emphasis in original). However, as Walker correctly points out, Pa.R.C.P. No. 237.3(b)(2) provides:

> If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

*Id.*

Here, the record demonstrates that Walker filed his Motion within 10 days of the judgment being entered. *See* O.R. at 1. Therefore, Rule 237.3(b)(2) is applicable and Walker's only requirement for opening default judgment was that his

---

[4] Although not binding on this Court, a Superior Court decision can be cited for its persuasive value. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

proposed answer state a meritorious defense. *See* Pa.R.C.P. No. 237.3(b)(2). As such, the trial court committed an error of law in denying Walker's Motion for failure to demonstrate a reasonable excuse for the delay that brought about the entry of default judgment. *Id.*; *see also Easton Condo. Ass'n*, 127 A.3d at 858-59.

Next, we turn to Walker's proposed answer and his affirmative defense that he satisfied the outstanding debt owed to the Association.[5] "The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief." *Easton Condo. Ass'n*, 127 A.3d at 858 n.5 (quoting *Seeger*, 836 A.2d at 166). Moreover, "[t]he defendant does not have to prove every element of its defense, however, it must set forth the defense in precise, specific and clear terms." *Penn-Delco Sch. Dist. v. Bell Atl.-Pa., Inc.*, 745 A.2d 14, 19 (Pa. Super. 1999) (citing *Castings Condo. Ass'n v. Klein*, 663 A.2d 220, 224 (Pa. Super. 1995)).

Walker's proposed answer specifically asserts the affirmative defense of satisfaction of the debt owed to the Association. O.R. at 90. Notably, it further avers that Walker "has satisfied all alleged outstanding assessments. [Walker] responded to [the Association]'s demand letters and achieved a negative balance in addition to satisfying [the Association]'s demand by making the lump sum as [the Association] requested." O.R. at 89. If Walker is able to prove this defense at trial, he will be entitled to relief. As such, we determine that the trial court erred in finding Walker failed to meet the meritorious defense requirement under Pa.R.C.P. No. 237.3(b)(2). *See Cnty. of Allegheny v. McCullough*, 659 A.2d 40, 45 (Pa. Cmwlth. 1995) ("if the [a]ppellants were current in the[ir] monthly payments, this fact would constitute a meritorious defense"); *see also Stauffer v. Hevener*, 881 A.2d 868 (Pa.

---

[5] The only affirmative defense Walker addresses in his brief to this Court is satisfaction of the debt owed to the Association. Again, because Walker failed to address the remaining affirmative defenses in his brief, they are not properly before this Court on appeal. *See Scrip*, 191 A.3d at 924.

Super. 2005) (meritorious defense was raised by asserting claims were barred by statute of limitations); *Penn-Delco*, 745 A.2d at 19 (trial court erred in finding defendant failed to demonstrate a meritorious defense where the proposed answer asserted affirmative defenses including statute of limitations, res judicata, and failure to exhaust administrative remedies).[6]

Accordingly, the order of the trial court is reversed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] Given our disposition of this matter, we need not reach any additional arguments Walker raises on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northridge Estates                          :
Condominium Association                      :
                                             :
                 v.                          :
                                             :
Michael Walker,                              :    No. 62 C.D. 2020
                 Appellant                   :

O R D E R

AND NOW, this 7th day of December, 2020, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter dated April 11, 2019, is hereby REVERSED.  Default judgment is hereby OPENED and the case is REMANDED for further proceedings.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge