# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania by the Department of Community and Economic Development | : : : : | |
| v. | : : | No. 956 C.D. 2024<br>Submitted: May 6, 2025 |
| Edward Reitmeyer,<br>Appellant | : : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: June 4, 2025

Edward Reitmeyer appeals from an Order of the Court of Common Pleas of Philadelphia County (trial court), which denied his Verified Petition to Strike and/or Open Judgment (Petition). On appeal, Mr. Reitmeyer makes numerous arguments as to why the trial court's Order should be reversed, including a lack of notice of the confessed judgment and lack of a conspicuous warrant of attorney, and various alleged errors by the trial court, such as applying outdated case law in holding the Petition was untimely. Upon review, we affirm.

## I.    BACKGROUND

On September 18, 2007, Sno Mountain, L.P. (Sno Mountain) and the Commonwealth of Pennsylvania, Department of Community and Economic Development (Department), executed a Note in the amount of $5 million.

(Reproduced Record (R.R.) at 31a-32a.) The Note contained a Warrant of Attorney provision, which provided:

> **THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF AUTHORITY FOR AN ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, EXCEPT AS SPECIFICALLY PROVIDED HEREIN. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, THE MAKER HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.**
>
> **IF THERE EXISTS AN EVENT OF DEFAULT AS DEFINED IN THIS NOTICE WHICH REMAINS UNCURED THIRTY (30) DAYS AFTER WRITTEN NOTICE THEREOF IS GIVEN BY THE DEPARTMENT TO THE MAKER (OF WHICH AN AFFIDAVIT ON BEHALF OF THE DEPARTMENT SHALL BE SUFFICIENT EVIDENCE), THEN THE MAKER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR FOR AND TO ENTER AND CONFESS JUDGMENT AGAINST IT, AT ANY TIME OR TIMES AND AS OF ANY TERM, FOR THE PRINCIPAL SUM ABOVE MENTIONED, WITH OR WITHOUT DECLARATION, WITH INTEREST AND COSTS OF SUIT, WITHOUT STAY OF EXECUTION, AND WITH REASONABLE ATTORNEY'S FEES. . . .**

(*Id.* at 33a-34a (capitalization and bold in original).)

In conjunction with the Note, Mr. Reitmeyer executed a Guaranty and Surety Agreement (Guaranty) dated September 14, 2007. (*Id.* at 39a-46a.) The Guaranty included the following provision:

IF ANY AMOUNT DUE THE DEPARTMENT UNDER THE NOTE, THE SECURITY AGREEMENT OR THE LOAN AGREEMENT SHALL REMAIN UNPAID OR IF THE BORROWER IS IN DEFAULT UNDER ANY OF THE TERMS OF THE BORROWER'S AGREEMENTS AT THE EXPIRATION OF THIRTY (30) DAYS AFTER WRITTEN NOTICE THEREOF TO THE GUARANTOR, THEN THE GUARANTOR HEREBY AUTHORIZES AND EMPOWERS IRREVOCABLY, THE PROTHONOTARY, CLERK OF COURT OR ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR THE GUARANTOR IN SUCH COURT, IN TERM, OR VACATION, AT ANY TIME AND CONFESS JUDGMENT IN FAVOR OF THE DEPARTMENT, WITH OR WITHOUT THE FILING OF AN AVERMENT OR DECLARATION OF DEFAULT, FOR SUCH AMOUNT AS MAY APPEAR TO BE UNPAID, ALL INTEREST DUE THEREON AND ALL REASONABLE COSTS INCURRED IN CONNECTION WITH THE COLLECTION OF SUCH AMOUNT, TOGETHER WITH REASONABLE ATTORNEY'S FEES. . . .

(*Id.* at 40a-41a (capitalization and underscoring in original).)

On January 13, 2014, the Department filed a "Complaint in Confession of Judgment under Pa.R.C[iv].P. 2951" (Complaint). (*Id.* at 14a-46a.) Therein, the Department averred Sno Mountain defaulted on the Note by not making payments when due, and pursuant to the Guaranty executed by Mr. Reitmeyer, it was seeking judgment against him in an amount totaling $5,716,236.80.[1] (*Id.* at 16a.) The Department further averred that it sent a Notice of Default to Mr. Reitmeyer by both regular and certified mail on October 21, 2013. (*Id.* at 15a.) Appended to the Complaint, among other things, was an "Averment of Default," (*id.* at 26a), along with a copy of the Note and Guaranty. The docket reflects that notice of the filing

---

[1] This amount represented $4,594,080.57 in principal, $1,114,064.53 in accrued interest through December 10, 2013, at a rate of 5%, and $8,091.70 in late charges. (R.R. at 15a-16a.)

3

was provided under Rule 236 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 236.[2] (*Id.* at 3a.)

A praecipe for writ of revival was filed on December 20, 2018. (Original Record (O.R.) Item 2.) This was also sent to Mr. Reitmeyer by certified mail as evidenced by the certificate of service and return receipt card signed by Mr. Reitmeyer. (*Id.*, Item 3.) On April 19, 2023, the Department filed a Praecipe for Entry of Default Judgment and Assessment of Damages, seeking judgment against Mr. Reitmeyer in the amount of $6,546,891.75.[3] (*Id.*, Item 4.) This filing was served via first-class and certified mail and UPS on Mr. Reitmeyer and his now-former counsel, as well as emailed to the now-former counsel. (*Id.*)

On May 23, 2023, the Department filed its Petition for Charging Order and Immediate Appointment of a Receiver (Petition for Charging Order), seeking a

---

[2] Rule 236(a)-(b) provides, in pertinent part:

(a) The prothonotary shall immediately give written notice of the entry of

(1) a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

Pa.R.Civ.P. 236(a)-(b).

[3] This amount represented $4,591,080.57 in principal, $1,933,367.72 in accrued but unpaid interest, and $22,443.46 in late charges. (O.R. Item 4.)

charging order against Mr. Reitmeyer's economic interest in Marcum, LLP, where Mr. Reitmeyer was a regional partner, pursuant to Section 8853 of the Pennsylvania Uniform Limited Liability Company Act of 2016 (PULLC Act), 15 Pa.C.S. § 8853.[4] (*Id.*, Item 5.)  This petition was served by first-class mail on Mr. Reitmeyer and his now-former counsel, and emailed to his now-former counsel.  (*Id.*)

On June 7, 2023, Mr. Reitmeyer's now-former counsel filed a response opposing the Petition for Charging Order along with a supporting brief.  (*Id.*, Item 7.)  In the response, Mr. Reitmeyer admitted the Department was his judgment creditor, the Complaint was filed, the judgment was revived, and the Department praeciped for entry of default judgment.  (*Id.*, Response ¶¶ 1, 3-5.)  In the supporting brief, Mr. Reitmeyer described the Note and Guaranty, Sno Mountain's default, and the confessed judgment.  (*Id.*, Brief at 4-5.)  He denied knowledge of the confessed judgment until he attempted to obtain a personal loan years later.  (*Id.* at 5.)

On August 29, 2023, Mr. Reitmeyer, represented by new counsel, filed the Petition, seeking to strike the confessed judgment or, alternatively, to open it.  (R.R. at 47a-89a.)  In the Petition, Mr. Reitmeyer alleged he was never served with notice of the confessed judgment as required under the Pennsylvania Rules of Civil Procedure.  (R.R. at 51a, ¶ 2.)  He also asserted that service of the writ of revival and

---

[4] Section 8853(a) provides, in relevant part:

> (**a**)  **General rule.**--On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment.  Except as provided in subsection (f), a charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor.

15 Pa.C.S. § 8853(a).

service of the default was not valid. (*Id.* at 52a, ¶¶ 4-5.) Mr. Reitmeyer also averred there is a discrepancy between the effective date of the Note and Guaranty attached to the Complaint, the former being September 18, 2007, and the latter being September 14, 2007, and asserted the Guaranty references a September 14, 2007 note that was not included. (*Id.* at 53a, ¶¶ 9-14.) Mr. Reitmeyer claimed the September 18, 2007 Note does not reference a "default," which is what the Department averred in its Complaint, but references an "Event of Default," which is defined by an unattached loan agreement. (*Id.* ¶¶ 14-15.) Similarly, Mr. Reitmeyer claimed a subordination agreement referenced therein was also not attached. (*Id.* at 54a, ¶ 16.) Mr. Reitmeyer also asserted, among other things, that the Complaint does not aver a notice of default was issued to Sno Mountain, and while it does claim one was sent to Mr. Reitmeyer, it was not appended to the Complaint nor is there an averment or evidence that it was received. (*Id.* ¶¶ 19-23.)

Mr. Reitmeyer sought that the judgment be stricken due to lack of service. (*Id.* at 58a-60a, ¶¶ 41-55.) He also claimed the confession of judgment provision was not conspicuous and thus was unenforceable, which warranted opening judgment. (*Id.* at 60a-63a, ¶¶ 56-69.) Mr. Reitmeyer challenged the adequacy of the averments related to any default, which required the judgment to be struck or opened. (*Id.* at 63a-66a, ¶¶ 70-93.) Finally, he contested the amount assessed. (*Id.* at 66a-67a, ¶¶ 94-100.) He requested that execution on the judgment be stayed pending disposition of the Petition. (*Id.* at 67a-68a, ¶¶ 101-02.)

The Department filed a Response to the Petition on September 19, 2023, denying that it did not comply with the applicable law and rules and that the Petition asserted meritorious defenses. (R.R. at 90a-121a.) To its accompanying memorandum of law opposing the Petition, the Department also attached many of

6

the documents Mr. Reitmeyer claimed were necessary but missing from the Complaint, such as certified mail receipts, green return receipt cards, and emails with Mr. Reitmeyer's counsel evidencing service. (O.R. Item 12, Exs. D, I.) Also attached was a 2007 email exchange from other counsel, upon which Mr. Reitmeyer was copied, reflecting changes they were requesting to the Note and Guaranty, among other documents. (*Id.*, Ex. E.)

Based on the parties' submissions, the trial court issued its Order denying the Petition. (R.R. at 130a.) In a footnote, the trial court found Mr. Reitmeyer waited almost 10 years to challenge the judgment and thus the Petition was untimely. (*Id.*) Mr. Reitmeyer sought reconsideration of the Order, which was denied.[5] (*Id.* at 131a-44a.) In a footnote in that order, the trial court stated that, notwithstanding whether the Petition was timely, Mr. Reitmeyer did not establish a fatal defect apparent on the face of the record to strike the judgment or a meritorious defense to open it. (*Id.* at 143a-44a.) The trial court determined that service was proper, the confession of judgment provision was conspicuous, and the Complaint averred and attached what was legally required. (*Id.* at 144a.) Mr. Reitmeyer again sought reconsideration of both trial court's orders, which was also denied. (*Id.* at 145a-64a, 196a.)

Mr. Reitmeyer filed a timely notice of appeal.[6] In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Rule 1925 Opinion or Op.), the trial court further explained its reasoning behind denying the Petition. First, the trial court stated the Petition was moot given Mr. Reitmeyer "*already responded* to the [Department]'s charging order petition and admitted the

---

[5] In the interim, the trial court issued an order dated November 7, 2023, entering a charging order by consent. (O.R. Item 16.)

[6] This matter was originally appealed to the Superior Court, which transferred it to our Court by order dated July 26, 2024.

7

debt and his obligation under the [G]uaranty." (Rule 1925 Op. at 6 (emphasis in original).) The trial court further stated the Petition was untimely as it was "filed nearly a decade after the confession of judgment was entered." (*Id.*) The trial court also rejected Mr. Reitmeyer's argument that service was improper, stating "Mr. Reitmeyer received notice of the confessed judgment on five separate occasions," all of which were in conformance with the applicable service rules. (*Id.* at 7.) In addition, the trial court noted that Mr. Reitmeyer had not challenged service previously. (*Id.*) While Mr. Reitmeyer argued Rules 2958.1 and 2958.3 of the Pennsylvania Rules of Civil Procedure applied, the trial court disagreed, stating they applied to writs of execution, which were not sought here. (*Id.*) According to the trial court, the Department "petitioned for a wholly separate, statutory remedy: a charging order, the statute for which does not reference the rules relating to confession of judgment and does not require notice pursuant to Rule 402 or 403 (to which Rules 2958.1 and 2958.3 relate)." (*Id.*)

With respect to Mr. Reitmeyer's argument that the warrant of attorney provision was not conspicuous, the trial court reiterated that Mr. Reitmeyer previously acknowledged the debt. (*Id.* at 8.) Moreover, the trial court reasoned, the provision was "set off in text that was capitalized and underlined . . . , Mr. Reitmeyer witnessed the execution of the Note, which contained a similar warrant of attorney clause[, and] Mr. Reitmeyer was represented by legal counsel, who not only reviewed the [G]uaranty but discussed edits with the [Department]." (*Id.* at 8-9.)

The trial court also was not persuaded by Mr. Reitmeyer's argument the default was not properly averred, explaining the Complaint made allegations that both Sno Mountain and Mr. Reitmeyer defaulted on their obligations, and an

8

"Averment of Default," which was notarized, accompanied the Complaint. (*Id.* at 9.) It also found Mr. Reitmeyer did not set forth any meritorious defenses to open judgment, pointing again to Mr. Reitmeyer's acknowledgement of the debt. (*Id.* at 10.)

## II.    PARTIES' ARGUMENTS

On appeal, Mr. Reitmeyer raises numerous issues.[7] First, he asserts he was not provided with proper notice of the confessed judgment under Rules 2958.1, 2958.2, or 2958.3 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 2958.1-2958.3. Without proper notice, Mr. Reitmeyer argues the 30-day period to seek to strike and/or open the confessed judgment would not begin to run. Moreover, Mr. Reitmeyer questions the propriety of a charging order as a "lawful surrogate for execution of a confessed judgment." (Mr. Reitmeyer's Brief (Br.) at 15.) Because no writ of execution was ever served in this matter, Mr. Reitmeyer asserts the trial court erred in concluding the Petition was untimely. According to Mr. Reitmeyer, the trial court relied on case law predating the 1996 amendments to the Pennsylvania

---

[7] The Department argues that Mr. Reitmeyer waived many of his issues as his brief did not comply with Rule 2119 of the Pennsylvania Rules of Appellate Procedure, which provides, in pertinent part:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119. While we agree that Mr. Reitmeyer's brief is not technically compliant with the rule, "because we may discern the argument[s] he attempts to raise on appeal, we decline to find waiver in this instance." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.5 (Pa. Cmwlth. 2024). However, we have consolidated and reordered the arguments for ease of discussion.

9

Rules of Civil Procedure. In addition, Mr. Reitmeyer argues it was error and/or an abuse of discretion for the trial court to conclude that service of the charging order or writ of revival was a substitute for notice of the execution on a confessed judgment.

Second, Mr. Reitmeyer argues the warrant of attorney was not self-sustaining or conspicuous because it was not initialed or signed and is found in the note, not the guaranty.

Next, Mr. Reitmeyer argues there are numerous meritorious defenses apparent on the face of the pleadings. For instance, he asserts there are discrepancies between the averments of the Complaint for confession of judgment and the documents appended thereto, such as the date of the Note, and that the Complaint alleges a "default" on an "unspecified date" for "unstated amounts" under a different loan agreement, that was not included in the Complaint. (Mr. Reitmeyer's Br. at 20 (citing R.R. at 15a).) Mr. Reitmeyer denies that, in the absence of a default, the confession of judgment was appropriate because a condition precedent occurred, again because the document that provides for that condition precedent, a subordination agreement, was neither mentioned or appended to the Complaint. Mr. Reitmeyer also claims that the Complaint does not provide proof that notice of default was provided to the obligor, Sno Mountain, which is required before Mr. Reitmeyer's obligation as a surety is triggered. To the extent the trial court found Mr. Reitmeyer admitted to the debt and obligation, Mr. Reitmeyer argues this was error because it is based on the unverified statements of his former counsel.

Finally, Mr. Reitmeyer asserts the trial court did not view the evidence in the light most favorable to him, as the moving party, as case law requires.

10

The Department concedes the trial court erred to the extent it determined the Petition was untimely. (Department's Br. at 14.) Nonetheless, the Department argues the trial court's Order may be affirmed on other grounds. Specifically, the Department argues the trial court did not err in denying the Petition seeking to strike the confessed judgment as it was properly served under Rules 236 and 2956 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 236, 2956. The Department also argues the confession of judgment clause is conspicuous in that it is bolded in the note, underlined in the guaranty, and capitalized in both documents. Furthermore, the Department notes Mr. Reitmeyer was represented by counsel at the time. To the extent Mr. Reitmeyer argues it needs to be separately initiated or bear the heading "warrant of attorney," the Department argues there are no such requirements. Accordingly, the Department contends there was no fatal defect or irregularity on the face of the record that would warrant striking the judgment.

The Department also argues the trial court did not err in refusing to open the judgment as Mr. Reitmeyer did not establish a meritorious defense or sufficient evidence requiring submission to a jury. According to the Department, there is no requirement that notice of default be attached to the Complaint as the only document required is the one containing the confession of judgment clause. Here, the Note and Guaranty were both attached, which form the basis for the transaction and contain the confession of judgment clauses and warrant of attorney. The Department asserts the basis of the default is averred in the Complaint and there is a notarized averment of default, so there is no ambiguity. Moreover, the Department notes Mr. Reitmeyer admitted he executed the guaranty and defaulted.

Lastly, the Department argues Mr. Reitmeyer "baldly asserts" the trial court erred by viewing the evidence in the light most favorable to the Department instead

of Mr. Reitmeyer. It argues any of the above bases are sufficient to affirm the trial court's Order.

## III. DISCUSSION

### A. *Whether the Petition was timely*

Previously, a party was required to file a petition to strike and/or open judgment within a reasonable amount of time, which was based on the doctrine of laches. *M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 400 (Pa. 2007). However, in 1996, the Rules of Civil Procedure related to confessed judgments were amended to "create[] an express time period for opening or striking off confessed judgments with the timing requirement triggered upon receipt of notice." *Id.* at 401. Specifically, Rule 2959(a)(3) of the Pennsylvania Rules of Civil Procedure provides, in pertinent part, "If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." Pa.R.Civ.P. 2959(a)(3). The notice referred to therein relates to notice of execution, not notice of judgment. *Magee v. J.G. Wentworth & Co., Inc.*, 761 A.2d 159, 161 (Pa. Super. 2000). Until notice of execution is served, the 30-day period does not begin to run. *Id.*

In the instant matter, the trial court determined the Petition was untimely. However, as no notice of execution was served, because the Department has not yet sought to execute on any judgment, the 30-day period is not triggered. Thus, we agree with Mr. Reitmeyer and the Department, which concedes, that the Petition is not untimely.

### B.     *Whether notice was proper*

Our Supreme Court has explained petitions to strike and/or open judgment as follows:

> A petition to strike a default judgment and a petition to open a default judgment are generally not interchangeable. . . .  A petition to strike does not involve the discretion of the court. . . .  Instead, it operates as a demurrer to the record. . . .  A demurrer admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. . . .  Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. . . .  A petition to strike can only be granted if a fatal defect appears on the face of the record. . . .
>
> In contrast, a petition to open a judgment is an appeal to the equitable powers of the court. . . .  It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. . . .  Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. . . .  However, where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors. . . .  If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. . . .  In making this determination, a court can consider facts not before it at the time the judgment was entered. . . .  Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment. . . .

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-19 (Pa. 1997) (internal citations omitted).

Here, Mr. Reitmeyer asserts service was not properly effectuated, pointing to Rules 2958.1-2958.3 of the Pennsylvania Rules of Civil Procedure.  However, as the

trial court explained, those rules do not apply here as the Department did not proceed by pursuing a writ of execution. (Rule 1925 Op. at 7.) Rather, the Department proceeded under Section 8853(a) of the PULLC Act and sought a charging order. That section provides, relevantly,

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. Except as provided in subsection (f), a charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor.

15 Pa.C.S. § 8853(a). The section further provides that it is "the **exclusive remedy** by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest." 15 Pa.C.S. § 8853(h) (emphasis added).

In the 2016 Committee Comment to Section 8853, it was explained

> As much a remedy limitation as a remedy, the charging order is the **sole** method by which a judgment creditor of a member or transferee can extract any value from the member's or transferee's ownership interest in a limited liability company.
>
> Under this section, the judgment creditor of a member or transferee is entitled to a charging order against the relevant transferable interest. While in effect, that order entitles the judgment creditor to whatever distributions would otherwise be due to the member or transferee whose interest is subject to the order. However, the judgment creditor has no say in the timing or amount of those distributions. The charging order does not entitle the judgment creditor to accelerate any distributions or to otherwise interfere with the management and activities of the limited liability company.

15 Pa.C.S. § 8853 cmt. (emphasis added). Thus, to obtain access to Mr. Reitmeyer's economic interest in Marcum, LLP, the Department had no choice but proceed

14

through a charging order, which it did. It elected not to proceed on execution of Mr. Reitmeyer's other assets, at least, at this time, which would have triggered the execution rules Mr. Reitmeyer's cited.

This leads us to whether the pleadings underlying the judgment were properly served. Rule 2955(b) of the Pennsylvania Rules of Civil Procedure provides that "[t]he attorney for the plaintiff may sign the confession as attorney for the defendant unless an Act of Assembly or the instrument provides otherwise." Pa.R.Civ.P. 2955(b). Here, the Guaranty expressly authorizes "any attorney of any court of record to appear for the guarantor . . . and confess judgment." (R.R. at 41a (capitalization and underscoring removed).) Rule 2952 of the Pennsylvania Rules of Civil Procedure provides that "[t]he prothonotary shall enter judgment in conformity with the confession." Pa.R.Civ.P. 2956. The Note to the Rule further provides notice is to be given pursuant to Rule 236. *Id.*, Note. Rule 236(a)(1) requires a prothonotary to "immediately give written notice of the entry of . . . a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment." Pa.R.Civ.P. 236(a)(1). The rule further provides that "[t]he prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents." Pa.R.Civ.P. 236(b). Here, the docket reflects that notice of the filing was provided as required by Rule 236. (R.R. at 3a.) Thus, service of the Complaint was proper.

Moreover, a review of the record shows that the other pleadings were also properly served pursuant to the applicable rules. As the trial court aptly summarized:

15

> When the [Department] filed its Writ of Revival[,] it provided service pursuant to Pa.R.Civ.P. 3028 and 403.[8] When the [Department] notified Mr. Reitmeyer of its intent to file for default judgment[,] it provided service pursuant to Pa.R.Civ.P. 237.1.[9] When the [Department] filed for entry of default judgment[,] it provided service pursuant to Pa.R.Civ.P. 440.[10] And when the [Department] filed its [Petition for a [C]harging [O]rder, to which Mr. Reitmeyer responded, it provided service pursuant to Pa.R.Civ.P. 440.[11]

(Rule 1925 Op. at 7.) As service was proper, this cannot serve as a basis to open and/or strike the judgment.

---

[8] Rule 3028(a) governs service of writs of revival and provides, in relevant part, that "[t]he writ shall be service within ninety days after its issuance by the sheriff by handing a copy in the manner provided by Rule 402 or **by mailing a copy in the manner provided by Rule 403**." Pa.R.Civ.P. 3028(a) (emphasis added). Rule 403, in turn, relevantly provides: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa.R.Civ.P. 403. Here, Mr. Reitmeyer was served by certified mail as evidenced by the certificate of service and return receipt signed by Mr. Reitmeyer. (O.R. Item 3.)

[9] Rule 237.1(a)(2)(ii) provides, in pertinent part:

> (2) No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the *praecipe* for entry includes a certification that a written notice of intention to file the *praecipe* was mailed or delivered:
>
> . . . .
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the *praecipe* to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.Civ.P. 237.1(a)(2)(ii).

[10] Rule 440 governs service of legal papers other than original process and provides, in pertinent part that service is effectuated by mailing or emailing a copy to the attorney of record or mailing a copy to an unrepresented party. Pa.R.Civ.P. 440(a)(1), (a)(2)(i). Mr. Reitmeyer and his now-former counsel were served via first-class mail, certified mail, and UPS, and a copy was also emailed to now-former counsel. (O.R. Item 4.)

[11] This petition was served by first-class mail on Mr. Reitmeyer and his now-former counsel, and emailed to his now-former counsel. (O.R. Item 5.)

16

## C. *Whether the warrant of attorney was conspicuous*

Our Supreme Court has called a warrant of attorney "the most powerful and drastic document known to civil law." *Cutler Corp. v. Latshaw*, 97 A.2d 234, 236 (Pa. 1953). This is because

> [t]he signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, [and] he places his cause in the hands of a hostile defender. The signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason the law jealously insists on proof that helplessness and impoverishment was voluntarily accepted and consciously assumed.

*Id.* Given the nature of a warrant of attorney, any agreement containing such a provision must be signed and the signature "must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the [individual] signed, conscious of the fact that he was thereby conferring" the authority to confess judgment. *Frantz Tractor Co., Inc. v. Wyoming Valley Nursery*, 120 A.2d 303, 305 (Pa. 1956). For instance, "[a] general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear." *Id.* After summarizing a line of cases involving warrants of attorney, the Supreme Court pronounced the following:

> The rule to be deduced from the decisions is that a warrant of attorney to confess judgment must be self-sustaining; to be self-sustaining, the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant.

17

*Id.* at 306-07.  Finally, "[t]he failure to read a confession of judgment clause will not justify avoidance of it. . . . This is particularly true where the confession of judgment clause is clear and conspicuous and part of a commercial transaction." *Dollar Bank, Fed. Sav. Bank v. Northwood Cheese Co., Inc.*, 637 A.2d 309, 313 (Pa. Super. 1994) (internal citation omitted).

Here, the warrant of attorney provision is the second paragraph of the Guaranty, spanning over a page.  (R.R. at 40a-41a.)  It provides, in part:

> IF ANY AMOUNT DUE THE DEPARTMENT UNDER THE NOTE, THE SECURITY AGREEMENT OR THE LOAN AGREEMENT SHALL REMAIN UNPAID OR IF THE BORROWER IS IN DEFAULT UNDER ANY OF THE TERMS OF THE BORROWER'S AGREEMENT AT THE EXPIRATION OF THIRTY (30) DAYS AFTER WRITTEN NOTICE THEREOF TO THE GUARANTOR, THEN THE GUARANTOR HEREBY AUTHORIZES AND EMPOWERS IRREVOCABLY, THE PROTHONOTARY, CLERK OF COURT OR ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR THE GUARANTOR IN SUCH COURT, IN TERM, OR VACATION, AT ANY TIME AND CONFESS JUDGMENT IN FAVOR OF THE DEPARTMENT, WITH OR WITHOUT THE FILING OF AN AVERMENT OR DECLARATION OF DEFAULT, FOR SUCH AMOUNT AS MAY APPEAR TO BE UNPAID, ALL INTEREST DUE THEREON AND ALL REASONABLE COSTS INCURRED IN CONNECTION WITH THE COLLECTION OF SUCH AMOUNT, TOGETHER WITH REASONABLE ATTORNEY'S FEES. . . .

(*Id.* (capitalization and underscoring in original).)  The Guaranty is executed by Mr. Reitmeyer and notarized.  (*Id.* at 46a.)  We agree with the trial court that the warrant of attorney in the Guaranty is self-sustaining, clear, and conspicuous.  (Rule 1925 Op. at 8.)  *See also Centric Bank v. Sciore*, 263 A.3d 31 (Pa. Super. 2021) (holding confession of judgment clauses "standing out in bold print" were conspicuous).

18

## D. *Whether the Petition alleged a meritorious defense*

As set forth above, one of the elements to a successful petition to open judgment is that it must set forth a meritorious defense. *Cintas Corp.*, 700 A.2d 915 at 919. We have explained that a meritorious defense only requires that a defense "be pleaded that if proved at trial would justify relief." *Easton Condo. Ass'n, Inc. v. Nash*, 127 A.3d 856, 858 n.5 (Pa. Cmwlth. 2015) (citation omitted). Every element of a defense need not be proved, but the defense must be set forth in precise, specific, and clear terms. *Id.*

Mr. Reitmeyer argues he asserted numerous meritorious defenses that should have warranted opening the judgment. For instance, he asserts there is a discrepancy in the effective date of the Note and Guaranty. The Note is dated September 18, 2007, and effective the same date. (R.R. at 31a.) It further provides that "**THE OBLIGATIONS OF THE MAKER HAVE BEEN GUARANTEED BY THE GUARANTOR(S) NAMED IN ONE OR MORE GUARANTIES DATED EFFECTIVE AS OF THE EFFECTIVE DATE DELIVERED TO THE DEPARTMENT**." (*Id.* at 32a (bold and capitalization in original).) The Guaranty is dated September 14, 2007, which is also defined as the "effective date," and refers to a note dated the "effective date." (*Id.* at 39a.) While the effective dates differ by four days, this perceived discrepancy does not cast doubt on the validity of the Guaranty. By definition, a guaranty is "a promise to pay the debt of another when the creditor is unable, after due prosecution, to collect the amount owed by the debtor." *Osprey Portfolio, LLC v. Izett*, 67 A.3d 749, 755 (Pa. 2013) (quotation omitted). No obligations under the Guaranty would arise until the Note was executed.

Furthermore, the terms of the Guaranty support the note it guarantees is the Note, as it reflects Sno Mountain as the borrower and a principal amount of $5 million, which coincides with the Note. (R.R. at 32a, 39a.) Moreover, Mr. Reitmeyer, through his now-former counsel, admitted the Department was a judgment creditor of Mr. Reitmeyer's. (O.R. Item 7, ¶ 1.) He also admitted, upon information and belief, the entry of confessed judgment and revival of that judgment. (*Id.* ¶¶ 3-4.) These constitute judicial admissions. *See Lower Mount Bethel Township v. N. River Co., LLC*, 41 A.3d 156, 162 (Pa. Cmwlth. 2012) ("A [j]udicial admission is 'an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission,' and may be contained in pleadings, stipulations and other like documents.") (quoting *Sherrill v. Workmen's Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 624 A.2d 240, 243 (Pa. Cmwlth. 1993)).[12] Thus, this does not serve as a basis for opening judgment.

Mr. Reitmeyer also challenges the legal sufficiency of the averments related to a default and that many documents were not appended to the Complaint. Rule 2952 sets forth the content of a complaint for confessed judgment. Under the rule, an averment of default is sufficient. Pa.R.Civ.P. 2952(a)(6). Here, in addition to averring a default, the Department appended a notarized "Averment of Default" from its Director of the Loans Division. (R.R. at 15a, 26a.) Furthermore, as the trial court found, there is no legal requirement that the other documents Mr. Reitmeyer claims were not attached were required to be.

---

[12] To the extent the trial court relied upon statements by Mr. Reitmeyer's now-former counsel in a brief, (*see* 1925 Op. at 5 n.16), these statements would not constitute binding admissions. *See Sherrill*, 624 A.2d at 243 (holding statements made in briefs or legal memoranda are not admissions). However, given the other statements that were binding admissions, this would have been harmless error.

In short, Mr. Reitmeyer did not aver in precise, specific, and clear terms a meritorious defense that, "if proved at trial[,] would justify relief." *Easton Condo.*, 127 A.3d at 858 n.5.[13]

## IV.  CONCLUSION

Although the Petition was not untimely, the trial court properly denied the Petition on a number of other bases.  Accordingly, we affirm the trial court's Order.

---

**RENÉE COHN JUBELIRER,** President Judge

---

[13] Mr. Reitmeyer also asserts the trial court did not view the record in the light most favorable to him.  The only example he gives is related to the trial court treating the response to the Petition for Charging Order filed by his former counsel as an admission.  As explained above, this was not error.

21

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania by   :
the Department of Community and   :
Economic Development   :
  :
        v.   :   No. 956 C.D. 2024
  :
Edward Reitmeyer,   :
        Appellant   :

# O R D E R

**NOW**, June 4, 2025, the Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge